■ In the Matter of KIMBERLY M. FAIRBANKS, Appellant, v BRIAN D. DIEHL, Respondent. [701 NYS2d 717] —Graffeo, J. Appeal from an order of the Family Court of Broome County (Whiting, Jr., J.), entered February 2, 1999, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody and visitation.

Following the parties' separation in 1993, petitioner arranged for their daughter, born in 1990, to live with the child's maternal grandparents. In 1994 neglect charges were brought against petitioner by the Broome County Department of Social Services and respondent filed a petition for custody of the child. After a fact-finding hearing, Family Court found the child to be neglected and awarded joint custody of the child to her maternal grandparents and respondent, the primary residence to be with the grandparents for a period of six months. This order was twice extended and in April 1995 respondent was awarded sole custody. A November 1995 order awarded petitioner visitation with the child from Friday at 4:00 P.M. until Saturday at 8:30 P.M., but specifically precluded the child being left alone with petitioner's husband. Upon stipulation of the parties, an order was entered in February 1996 continuing respondent's sole custody and petitioner's schedule of visitation.

In April 1998 petitioner commenced this proceeding, initially seeking expanded visitation with the child, but in August 1998 she filed an amended petition for primary physical custody, alleging a change in circumstances which warranted a modification of the existing order. At the conclusion of a fact-finding hearing, Family Court denied petitioner's applications, finding that there was no substantial change in circumstances warranting a modification of custody and visitation. Petitioner now appeals.

Petitioner claims that certain positive changes in her life justify modification of the custody order, including, *inter alia*, a change in her employment and work schedule. She further contends that the marital discord in respondent's household endangers the well-being of the child. It is axiomatic that the paramount concern in every child custody case is the best interest of the child (*see, Eschbach v Eschbach*, 56 NY2d 167, 171; *Matter of Juliano v Pollack*, 256 AD2d 668, *lv denied* 93 NY2d 803; *Matter of Farnham v Farnham*, 252 AD2d 675, 676). When seeking modification of an established custody arrangement,

however, it must be shown that a sufficient change of circumstances exists necessitating an alteration of the custody arrangement (*see, Matter of Reese v Jones*, 249 AD2d 676, 677; *Matter of Karpensky v Karpensky*, 235 AD2d 594, 595). Additionally, great deference should be accorded to Family Court's findings due to its ability to assess the credibility of witnesses and observe their demeanor (*see, Matter of Wolcott v Cook*, 265 AD2d 748, 750).

Upon our review of the record, we find no reason to disturb Family Court's determination because petitioner has not demonstrated a change in circumstances warranting modification of the existing custody order. The record reveals that while in respondent's care, the child appeared to be well adjusted, adequately cared for and was performing well in school. With the departure of respondent's wife from the residence, there was no proof that a harmonious atmosphere had not been restored to the household. Respondent has also arranged a flexible work schedule which enables him to assist the child in getting ready for school and has arranged for the child to stay at a neighbor's house after school until he leaves his job at 5:30 P.M.

We find that petitioner's increased availability to spend time with her daughter does not constitute a sufficient change in circumstances necessitating a modification of the parties' custodial arrangement, especially in light of the criminal background of petitioner's husband, which includes an incident during which he brandished a gun at a police officer. Although the child expressed a preference to live with petitioner, such desire is not dispositive (*see, Matter of Daniels v Guntert*, 256 AD2d 940, 941) and, moreover, the child testified that she was happy living with respondent and her preference to reside with her mother was largely due to the fact that she had a sibling and step-sibling to play with at petitioner's residence. Notably, the Law Guardian recommended that respondent retain primary physical custody of the child (*see, Matter of Morehouse v Morehouse*, 251 AD2d 710, 711).

According considerable deference to Family Court's factual findings and taking into consideration all relevant factors (*see, Matter of De Losh v De Losh*, 235 AD2d 851, 852-853, *lv denied* 89 NY2d 813), we conclude that a sound and substantial basis (*see, Matter of Hubbard v Hubbard*, 221 AD2d 807, 808) exists to affirm Family Court's denial of petitioner's application and continuance of the existing custodial order.

Cardona, P. J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.