■ In the Matter of RONALD VON DWINGELO, Respondent, v APRIL VON DWINGELO, Appellant. (And Another Related Proceeding.) [717 NYS2d 810] —Spain, J. Appeal from an order of the Family Court of Clinton County (Ryan, J.), entered January 4, 1999, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for a modification of a prior order of custody.

The parties were married in 1991 and are the parents of a daughter, Crystal, born in 1992. By June 1994, the parties had separated and respondent filed a petition for custody of Crystal. Family Court awarded the parties joint custody, granting respondent physical custody and petitioner visitation rights. In January 1998, petitioner commenced this proceeding to modify the 1994 Family Court order, seeking to obtain physical custody of Crystal. After a hearing which included a review of reports from social workers who conducted home studies of both parents, Family Court found that it would be in the best interest of Crystal to modify the prior custody order by awarding physical custody to petitioner and visitation to respondent. Respondent now appeals.

We affirm. A petition to modify an existing child custody arrangement will only be granted "upon a showing of sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child" (*Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903; *see, Matter of Crawson v Crawson*, 263 AD2d 656, 657; *Matter of Betancourt v Boughton*, 204 AD2d 804, 806). The factors relevant to that determination include "the quality of the respective home environments, the length of time the present custody arrangement has been in place and each parent's past performance, relative fitness and ability to provide for and guide the child's intellectual and emotional development" (*Matter of Russo v Russo*, 257 AD2d 926, 927; *see, Eschbach v Eschbach*, 56 NY2d 167, 172). Family Court's factual findings in this regard are to be accorded deference and will be set aside only where they lack a sound and substantial basis in the record (*see, Matter of Van Hoesen v Van Hoesen, supra*, at 904).

Contrary to respondent's assertions on appeal, the record contains a sound and substantial basis for Family Court's determination that in the four years following the original custody order, there were substantial changes in both parties' situations such that a modification in custody was necessary to promote Crystal's best interest, and that petitioner is more fit than respondent to act as the child's primary caretaker (*see, Matter of Stoesser v Dunham*, 260 AD2d 958, 959; *see also, Eschbach v Eschbach, supra*, at 174).

Between the parties' separation in 1993 and the commencement of this proceeding in 1998, respondent moved with Crystal approximately 15 times. Several of these moves were motivated either by respondent's desire to reside with a boyfriend or to distance herself from a boyfriend once a relationship ended. During this time period, respondent was

convicted of welfare fraud and charged with obstruction of governmental administration for misleading police when they came to arrest her then boyfriend, with whom she and Crystal were residing at the time. Record evidence also exists that respondent failed to comply with court orders by keeping petitioner informed of her changes in address and by refusing to comply with court-ordered visitation.

Also during this period, petitioner moved frequently, he failed to maintain steady employment and exhibited suicidal tendencies and obsessive behavior toward respondent. Apparently, he suffered from clinical depression after the parties' separation. Ultimately, petitioner was arrested after engaging in a physical confrontation with his father, resulting in his conviction of assault in the third degree and disturbing the peace. After receiving psychiatric treatment at an alternative incarceration center, petitioner was released in 1995. Thereafter, he lived with his family until he began a 16-month period of employment with the Job Corps where he was trained as a welder. He left the Job Corps in 1998 and moved to Vermont where he has continuously maintained a residence and employment as a welder.

We agree with Family Court that respondent's repeated moves have had a detrimental impact on Crystal. Due to her mother's nomadic lifestyle, Crystal has had to share her home with numerous different adults. Her kindergarten experience was repeatedly disrupted as her residence changed and Crystal ultimately was unable to progress to first grade. Significantly, respondent continues to maintain that her lifestyle poses no threat to Crystal's well-being. Indeed, at the hearing she expressed plans to move yet again in the near future to be near the father of her second child. Respondent also showed a disregard for the need to foster her daughter's relationship with petitioner and his family through visitation, to the point of flagrantly disobeying a court order by taking Crystal with her from Family Court in the Bronx after that court had ordered her to surrender the child to petitioner and his mother for a period of visitation.

By contrast, since his initial bout with depression directly following the parties' separation, the record evidence indicates that petitioner has appropriately dealt with his mental health and has established a stable life for himself. Despite respondent's frequent moves and failure to keep petitioner apprised of her whereabouts, petitioner—with the assistance of his mother—has zealously pursued his visitation rights and, according to the testimony of a social worker, has managed to establish a warm and affectionate relationship with Crystal.

Accordingly, we conclude that the record amply supports Family Court's determination that, in light of the evolution of the parties' lifestyles over the past four years, Crystal's interests are best served by awarding physical custody to petitioner. We have considered and rejected respondent's remaining contentions.

Mercure, J. P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.