■ In the Matter of PATRICE S. WATTS, Appellant, v BROOKS M. WATTS, Respondent. (And Two Other Related Proceedings.) [736 NYS2d 537] —Spain, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered April 25, 2000, which, inter alia, dismissed petitioner's applications, in three

proceedings pursuant to Family Court Act articles 6 and 8, for modification of a prior order of custody and visitation.

In November 1999, petitioner and respondent—parents of three children ages 13, 10 and 7—appeared in Family Court and stipulated to an order granting sole custody of the children to respondent, providing petitioner with telephone calls, written contact and 18 hours of supervised alternate weekend visitation at respondent's residence. The order further required petitioner to undergo a mental health evaluation and to comply with any recommended treatment. On the consent of the parties, the court also issued an order of protection in favor of respondent and the children, directing, inter alia, that petitioner stay away from respondent's residence except when exercising visitation.

In December 1999, petitioner filed three petitions against respondent respectively alleging violations of the visitation order, seeking modification of the custody order and a family offense petition. The petitions alleged that, inter alia, respondent interfered with petitioner's court-ordered visitation by harassing her in front of the children by, among other conduct, telling her that she needed medication and by forcing her to leave before her visitation time had expired. A full hearing was held at which both parties testified.

At the hearing, Family Court received in evidence, along with other medical records related to petitioner, a psychiatric evaluation of petitioner made in March 2000 which concluded that she suffers from chronic paranoid schizophrenia. The psychiatrist also concluded that petitioner is in need of psychiatric care, including medication and psychotherapy, and that, with treatment, her condition could improve but, at that time, petitioner did not believe that she had any emotional problems or needed medication.

At the conclusion of the hearing, Family Court, crediting respondent's testimony over that of petitioner and noting the poor condition of petitioner's mental health, ruled, inter alia, that petitioner had failed to establish a change in circumstances which would warrant any modification of the custody/visitation order and dismissed the three petitions. Petitioner appeals, challenging—as limited by her brief—only Family Court's refusal to modify custody and visitation.

We find no evidence in the record to support petitioner's contention that she met her burden of showing a sufficient change of circumstances warranting an award of custody to her or, in the alternative, warranting an increase in her visitation. Where an order of custody and visitation is entered

on stipulation, a court cannot modify that order unless a sufficient change in circumstances—since the time of the stipulation—has been established, and then only where a modification would be in the best interests of the children (see, *Matter of Baxter v Perico*, 288 AD2d 717, 717; *Matter of Gaudette v Gaudette*, 262 AD2d 804, 805, *lv denied* 94 NY2d 790). Significantly, Family Court's findings are accorded great deference as that court is in the best position to evaluate the credibility of the parties, and its findings will not be disturbed unless they lack a sound and substantial basis in the record (see, *Matter of Alice A. v Joshua B.*, 232 AD2d 777, 779). We find no basis in this record to disturb the findings of Family Court in dismissing the relevant petitions.

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.