In the Matter of KAREN DE FELICE, Appellant, v MARK DE FELICE, Respondent. [757 NYS2d 191] —Appeal from an order of Family Court, Genesee County (Adams, J.), entered January 24, 2002, which, inter alia, continued the parties' existing joint custody arrangement, with primary physical residence of the children with respondent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner appeals from an order that, inter alia, awarded petitioner some increased visitation but otherwise continued the parties' existing joint custody arrangement, with primary physical residence of the children with respondent. Contrary to petitioner's contention, Family Court's determination has a sound and substantial basis in the record and thus will not be disturbed (*see Matter of Thayer v Ennis,* 292 AD2d 824, 825 [2002]; *Matter of Green v Mitchell,* 266 AD2d 884 [1999]). Although petitioner presented evidence of respondent's lapses in judgment in supervising the children and administering medications to them, the court was in the best position to assess the credibility of the witnesses (*see Matter of Mohney v Springstead,* 281 AD2d 991 [2001]), and its evaluation of that evidence is entitled to great deference (*see generally Eschbach v Eschbach,* 56 NY2d 167, 173 [1982]). Petitioner contends that the court erred in prohibiting her from testifying to a hearsay statement of one of the children on the issue of respondent's neglect in administering medication (*see generally Matter of Pratt v Wood,* 210 AD2d 741, 742 [1994]). Even assuming, arguendo, that the court erred in

precluding that testimony, we conclude that the error is harmless. Petitioner testified concerning conversations that she had with respondent upon learning from the children that they had missed doses of medication, and thus the substance of the child's hearsay statement was otherwise in evidence (*cf. Matter of Nassar v Santmire*, 99 AD2d 377, 381 [1984]). Petitioner's attorney responded in the negative when the court asked whether an in camera interview was necessary, and thus petitioner waived her present contention that the court should have elicited the children's preferences concerning custody (*see generally Matter of Sarah C.*, 245 AD2d 1111, 1112 [1997]). We have examined petitioner's remaining contention and conclude that it is lacking in merit. Present—Hurlbutt, J.P., Kehoe, Gorski, Lawton and Hayes, JJ.