■ In the Matter of RANDALL L. DICKINSON, Appellant, v ELAINE V. DICKINSON, Respondent. (And Another Related Proceeding.) [766 NYS2d 148] —Mercure, J. Appeals (1) from two orders of the Family Court of Saratoga County (Hall, J.), entered October 9, 2001 and September 3, 2002, which dismissed petitioner's applications, in two proceedings pursuant to Family Ct Act article 6, for modification of a prior order of custody, and (2) from an order of said court, entered January 15, 2002, which denied petitioner's motion to reargue.

The parties are the divorced parents of one child. In July 2001, petitioner sought modification of an October 2000 custody order and additional visitation, claiming a change in circumstances. Family Court dismissed the petition and denied

petitioner's subsequent motion to reargue. Petitioner appealed from both orders and, in addition, filed another petition for modification. Following a trial, Family Court dismissed the second petition and petitioner appeals from that order as well.

As an initial matter, an appeal from an order denying reargument will not lie (*see Aiello v Manufacturers Life Ins. Co. of N.Y.,* 298 AD2d 662, 663 [2002], *lv dismissed and denied* 99 NY2d 575 [2003]). Thus, petitioner's appeal from the order denying reargument must be dismissed.

Turning to petitioner's remaining appeals, we observe that modification of "an existing child custody arrangement will * * * be granted [only] 'upon a showing of [a] sufficient change in circumstances reflecting a real need for change in order to [ensure] the continued best interest of the child' " (*Matter of Von Dwingelo v Von Dwingelo,* 279 AD2d 663, 664 [2001], quoting *Matter of Van Hoesen v Van Hoesen,* 186 AD2d 903, 903 [1992]; *see Matter of Carnese v Wiegert,* 273 AD2d 554, 556-557 [2000]). Further, Family Court's findings are entitled to deference and will be set aside only if they are not " 'supported by a sound and substantial basis in the record' " (*Barney v Barney,* 301 AD2d 950, 951 [2003], quoting *Furman v Furman,* 298 AD2d 627, 628 [2002], *lv dismissed and denied* 99 NY2d 575 [2003]; *see Matter of Von Dwingelo v Von Dwingelo, supra* at 664). Here, petitioner essentially asserts a change of circumstances based on a relocation of respondent's residence to the same neighborhood where petitioner resides, added flexibility in his work schedule due to his telecommuting from home, and respondent's lack of cooperation in ensuring his access to the child. Petitioner conceded at trial, however, that respondent had adhered to the prior custody order and had cooperated in adjusting the visitation schedule when the child was unable to spend her allotted time with petitioner. In our view, Family Court's conclusion that the proposed change would not advance the child's interests is supported by the record. Inasmuch as the evidence does not establish changed circumstances sufficient to warrant modification of the prior custody order, we affirm the remaining orders (*see Matter of Wiltsey v Wiltsey,* 294 AD2d 638, 639 [2002]).

Cardona, P.J., Carpinello, Rose and Kane, JJ., concur. Ordered that the orders entered October 9, 2001 and September 3, 2002 are affirmed, without costs. Ordered that the appeal from the order entered January 15, 2002 is dismissed, without costs.