In the Matter of BRETT STUTTARD, Respondent, v KELLY STUTTARD, Appellant. [768 NYS2d 902]—

Appeal from an order of Family Court, Oneida County (Griffith, J.), entered December 29, 2000, which, inter alia, found that respondent willfully violated an order of visitation.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating those parts finding that respondent willfully violated the order entered April 21, 2000 in June and July 2000 and vacating the punishment and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Oneida County, for further proceedings in accordance with the following memorandum: Respondent appeals from an order finding her in contempt of court based upon her willful violations of an order of visitation and ordering her incarcerated for 12 hours. Enforcement of that order has been stayed pending appeal. We agree with respondent that Family Court's findings that respondent willfully violated the order of visitation on certain dates in June and July 2000 do not have a sound and substantial basis in the record (*see generally Matter of De Felice v De Felice*, 303 AD2d 1017 [2003]; *Matter of Watts v Watts*, 290 AD2d 822, 824 [2002], *lv denied* 97 NY2d 614 [2002]). The order of visitation states that visitation would cease unless petitioner provided respondent with a copy of a certification or record of successful completion of an anger management course by June 10, 2000. Such copy was not provided to respondent until July 7, 2000, and thus we conclude that respondent did not willfully violate the order of visitation on the disputed dates in June and July 2000. We further conclude, however, that the court's finding that respondent willfully violated the order of visitation by withholding visitation on May 25, 2000, has a sound and substantial basis in the record (*see generally De Felice*, 303 AD2d at 1017; *Watts*, 290 AD2d at 824), and thus, we will not disturb the court's finding of contempt with respect thereto (*see generally Matter of McCormick v Axelrod*, 59 NY2d 574, 583 [1983], *mot to amend remittitur granted* 60 NY2d 652 [1983]). However, while the court has the statutory authority to impose a period of incarceration for that willful violation (*see* Family Ct Act § 846-a), in light of our conclusion that there were no willful violations of the order of visitation in June or July 2000, we modify the order by vacating those parts finding that respondent willfully violated the order of visitation in June and July 2000 and vacating the punishment, and we remit the matter to Family Court, Oneida County, to impose a punishment in its

discretion based only on the May 2000 incident (*see generally People v Riela,* 7 NY2d 571, 578 [1960], *mot to amend remittitur granted* 8 NY2d 1008 [1960], *rearg denied* 8 NY2d 1011 [1960]; *Sobotka v Myers,* 50 AD2d 550 [1975]). Present—Pigott, Jr., P.J., Green, Pine, Hurlbutt and Kehoe, JJ.