■ In the Matter of JAMIE BROWN, Respondent-Appellant, v CHARLES WHITE, JR., Appellant-Respondent. (And Another Related Proceeding.) [770 NYS2d 809]—

Carpinello, J. Cross appeals from an order of the Family Court of Tompkins County (Sherman, J.), entered August 19, 2002, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.

The parties are the biological parents of one child (born in 1996). In 1998, Family Court awarded sole custody of the child to petitioner with visitation to respondent, a determination affirmed by this Court (*Matter of Forsyth v White*, 266 AD2d 743 [1999]). After several years of acrimonious relations, petitioner brought the instant petition in January 2002 to suspend respondent's visitation with the child based upon allegations that he struck the child and otherwise exercised poor parenting skills. On May 28, 2002, 27 days before a scheduled hearing on the petition, respondent answered and cross-petitioned for sole

custody of the child. Family Court denied petitioner's motion to dismiss the cross petition and, following the hearing, continued petitioner's sole custody of the child and expanded respondent's unsupervised visitation. The parties now cross-appeal, and we affirm.

Turning first to respondent's cross petition, petitioner was not prejudiced by the late filing because the underlying facts were known to her and she had been aware that respondent intended to cross-petition for custody. In any event, Family Court properly denied respondent's bid for sole custody. He, as the moving parent, was required to demonstrate a change in circumstances warranting modification of the existing custody arrangement in the best interest of the child (*see Matter of Dickinson v Dickinson*, 309 AD2d 994, 995 [2003]; *Matter of Watts v Watts*, 290 AD2d 822, 823 [2002], *lv denied* 97 NY2d 614 [2002]). While interference with visitation can, under certain circumstances, be sufficient to warrant a change in custody (*see Ahmad v Naviwala*, 306 AD2d 588, 591 [2003], *lv dismissed* 100 NY2d 615 [2003]; *Brodsky v Brodsky*, 267 AD2d 897, 898-899 [1999]), the paramount concern remains the best interest of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Barney v Barney*, 301 AD2d 950, 951 [2003]; *Matter of Grenier v Allen*, 296 AD2d 619, 620 [2002], *lv denied* 98 NY2d 615 [2002]). Although there is record evidence to support the allegations that petitioner attempted to limit respondent's relationship with the child, respondent simply has not established that a change in custody would be in the child's best interest.

Petitioner also failed to establish that respondent's visitation with the child should be suspended. "[D]enial of visitation to a noncustodial parent is a drastic remedy which should be invoked only under the most compelling circumstances where visitation would be detrimental to the child's welfare" (*Matter of Shaun X.*, 300 AD2d 772, 773 [2002]; *see Matter of Nicole VV.*, 296 AD2d 608, 611 [2002], *lv denied* 98 NY2d 616 [2002]). To be sure, respondent has, at times, exercised poor judgment during visitation with the child by, for example, failing to assure that the child received adequate sleep. Such lapses, however, do not warrant suspension of respondent's visitation and, in our view, the child's interests are better served by Family Court's modest expansion of visitation to all but one weekend per month.

The parties' remaining contentions have been considered and found to be unavailing.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.