JAMES W. BETRO, Appellant, v ENESSA M. CARBONE, Respondent. [773 NYS2d 319]—

Appeal from a judgment of the Supreme Court, Oneida County (Michael E. Daley, J.), entered October 7, 2002. The judgment granted the parties joint custody of their two children with primary physical custody to defendant and ordered plaintiff to pay child support.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the amount of child support awarded and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Oneida County, for further proceedings in accordance with the following Memorandum: Plaintiff appeals from a judgment of divorce that, inter alia, granted primary physical custody of the parties' children to defendant and ordered plaintiff to pay child support. Supreme Court's custody determination has a sound and substantial basis in the record and thus we will not disturb it (see Steele v Rose, 309 AD2d 1242 [2003]; Matter of De Felice v De Felice, 303 AD2d 1017 [2003]; see generally Eschbach v Eschbach, 56 NY2d 167, 173-174 [1982]). We agree with plaintiff that the court erred in sustaining defendant's objection to testimony concerning the amount of time in which defendant was engaged in an extra-marital affair and the impact of the affair on the welfare of the children (see Matter of Blank v Blank, 124 AD2d 1010 [1986]; see also Linda R. v Richard E., 162 AD2d 48, 52 [1990]). The error is harmless, however, because that testimony was otherwise presented during other lines of questioning and thus was properly before the court (see Palmer v Wright & Kremers, 62 AD2d 1170, 1171 [1978]). Contrary to the further contention of plaintiff, we conclude under the circumstances of this case that the court did not abuse its discretion in denying his motion

for an adjournment of the trial to enable him to secure additional records and witnesses (*see Pinto v Pinto*, 260 AD2d 622, 623 [1999], *lv denied* 93 NY2d 817 [1999], *rearg denied* 94 NY2d 876 [2000]; *York v York*, 250 AD2d 841 [1998]).

We agree with plaintiff, however, that the court erred in failing to adhere to the requirements of the Child Support Standards Act (CSSA) in calculating child support (*see* Family Ct Act § 413 [1] [c]). Although the court rejected the child support amount calculated pursuant to the CSSA formula, the court was nevertheless required to set forth those calculations and to explain the factors it considered in deviating therefrom (*see Bast v Rossoff*, 91 NY2d 723, 727-728 [1998]; *see also* § 413 [1] [g]). The court failed to do so here. We are unable to determine plaintiff's child support obligation on the record before us because the parties' financial information, although before the court, is not included in the record on appeal (*cf. Marino v Marino*, 229 AD2d 971, 972 [1996]). We therefore modify the judgment accordingly, and we remit the matter to Supreme Court for a recalculation of plaintiff's child support obligation pursuant to the CSSA. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Gorski and Hayes, JJ.