■ In the Matter of JOHN GOODFRIEND, Respondent, v SUZAN DEVLETSAH-GOODFRIEND, Appellant. [813 NYS2d 824]—

Peters, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered April 11, 2005, which granted petitioner's application, in a proceeding pursuant to

Family Ct Act article 6, to modify a prior judgment with respect to visitation.

The parties are the divorced parents of one child (born in 1997). In November 2004, petitioner (hereinafter the father) sought a modification of their March 2004 judgment of divorce which, after a three-day trial, had granted joint custody with primary physical custody to respondent (hereinafter the mother) and liberal visitation to the father. After a hearing, Family Court found a sufficient change in circumstances to award the father an additional day of visitation based on, among other things, the mother's new work schedule. The mother appeals.

The primary concern in any child custody case is the best interest of the child (*see Matter of Brown v White*, 3 AD3d 743, 744 [2004]; *Matter of Fairbanks v Diehl*, 268 AD2d 867, 867 [2000]). Where, as here, there is an existing custody order, there must be a showing of sufficient change in circumstances, demonstrating a definite need for such modification to ensure the continued best interests of the child (*see Matter of Mathis v Parkhurst*, 23 AD3d 923, 923 [2005]; *Matter of Gregio v Rifenburg*, 3 AD3d 830, 831 [2004]). If that order resulted from a plenary hearing, it will be entitled to more weight than a stipulated agreement (*see Redder v Redder*, 17 AD3d 10, 13 [2005]; *Matter of Crippen v Keator*, 9 AD3d 535, 536 [2004]). In evaluating whether the requisite change in circumstances has occurred, a Family Court will consider numerous factors (*see Matter of Fortner v Benson*, 306 AD2d 577, 578 [2003]; *Matter of Thompson v Thompson*, 267 AD2d 516, 517-518 [1999]); a child's express desire to spend more time with a parent will not be dispositive, especially if the child has been unduly influenced by one of the parties (*see Matter of Carballeira v Shumway*, 273 AD2d 753, 755 [2000], *lv denied* 95 NY2d 764 [2000]; *Matter of Fairbanks v Diehl, supra* at 868).

Here, the father, as the movant, was obligated to demonstrate this change (*see Matter of Brown v White, supra* at 744; *Matter of Watts v Watts*, 290 AD2d 822, 823 [2002], *lv denied* 97 NY2d 614 [2002]). The premise of his petition was conversations that he had with his soon to be eight-year-old daughter. He alleged that despite his visitation schedule,* he should be awarded additional visitation because of the mother's new full-time employment schedule which results in aftercare being provided by the grandmother who does not speak English. Moreover, he alleged that the child desired to spend more time with him and that, if given more access, he could work with the child to advance her reading skills.

---

* By court order, the father has visitation Friday to Monday, every other weekend, with daily phone contact.

The mother testified that while she now works full time, she generally finishes work by four in the afternoon. Although she acknowledged that she is occasionally detained, she explained that the grandmother, who is bilingual and resides in the home, assists the child with her homework which is reviewed by the mother when she returns. As a result of the grandmother's involvement, the child is now bilingual. Moreover, while the child may have requested to spend more time with the father, the record reveals that the child's requests were largely influenced by him. Finally, the record is devoid of evidence indicating that the child is doing poorly in school or that her reading skills have suffered.

Considering the premise of the father's modification petition, we find that he failed to sustain his burden. With the mother's testimony concerning her availability for the child and the liberal visitation provisions embodied in the prior judgment, we cannot discern a sound and substantial basis in this record to support a modification of the father's visitation schedule. For this reason, we reverse (compare Matter of Dickinson v Dickinson, 309 AD2d 994, 995 [2003], with Barney v Barney, 301 AD2d 950, 952 [2003]).

Mercure, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.