■ In the Matter of SHAWN WITHEROW, Respondent, v CELESTE BLOOMINGDALE, Appellant. (And Another Related Proceeding.) [834 NYS2d 723]—

Lahtinen, J. Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered January 20, 2006, which, inter alia, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a son (born in 1999). They ceased cohabitating within six months of the child's birth. Thereafter, an order entered in March 2003 and a stipulation and order entered in July 2003 provided that the mother and father would maintain joint custody and alternate physical custody each week. In April 2005, the father filed a modification petition seeking primary physical custody alleging that the mother planned to move from the Town of Norwich, Chenango County to the City of Oneonta, Otsego County, a distance of about 30 miles. The father also alleged, among other things, that the mother had been frequently leaving the child with babysitters while she went out drinking and that she was associating with drug users. The mother filed a petition asserting the father violated the terms of the visitation order.

Prior to the hearing, the mother moved to dismiss the father's petition since she had no plans to move. Family Court denied the motion and proceeded with a one-day hearing. After the hearing, Family Court dismissed the violation petition. As to the

custody modification petition, the Law Guardian advocated for no change in the existing custody arrangement and that the child's relationship with his two half brothers (the mother's other children) was important and should not be diminished. Family Court, however, granted the father's petition and awarded him primary physical placement, with the mother receiving visitation on alternate weekends. The mother appeals.

Initially, the mother and Law Guardian argue that it was error not to grant the mother's motion to dismiss (made before the fact-finding hearing) since it was uncontested that the mother was not moving and the other allegations were insufficient to merit a hearing. "To warrant a hearing, [the father] was required to provide sufficient evidence in support of [his] petition to show that there had been a significant change in circumstances demonstrating a real need for a change to ensure the [child's] best interest[s]" (*Matter of Taylor v Staples*, 33 AD3d 1089, 1091 [2006] [internal quotation marks and citations omitted], *lv dismissed and denied* 8 NY3d 830 [2007]). We are unpersuaded that dismissal before the hearing was required. With the overriding concern being the best interests of the child, the allegations that the mother was leaving the child to frequently spend evenings in bars and was associating with drug users was sufficient for Family Court to determine that a hearing was necessary.

We do, however, find merit in the argument of the mother and Law Guardian that the evidence produced by the father at the hearing failed to substantiate the allegations in the petition. The father, as the petitioner, had the burden of showing the requisite sufficient change in circumstances to demonstrate a need for modification of the existing custody arrangement to ensure the best interests of the child (*see Matter of Goodfriend v Devletsah-Goodfriend*, 29 AD3d 1041, 1042 [2006]; *Matter of Brown v White*, 3 AD3d 743, 744 [2004]). No credible evidence was presented indicating that the mother was frequenting bars or spending time with individuals who used drugs. Moreover, the proof on the other allegations was insufficient to merit a modification of custody. For example, while the child's kindergarten teacher (the child was in first grade at the time of the hearing) testified that the father was more actively involved in the child's education, the proof reflected improvements by the mother and, in any event, the child was doing satisfactorily educationally and socially under the existing custody arrangement. As for the vague contention about the character of the babysitters used by the mother, there was no showing that such individuals put the child at risk in any fashion while in their

care. Evidence regarding the family environment and conditions in the parties' homes was scant and, in any event, insufficient to justify a change in custody. In short, this record fails to provide a sound and substantial basis to support the father's application for modification of the existing custody arrangement (*see generally Matter of Goodfriend v Devletsah-Goodfriend, supra* at 1043; *Matter of Parkhurst v McFall*, 1 AD3d 78, 82 [2003]; *Matter of Ahmad v Naviwala*, 306 AD2d 588, 590-591 [2003], *lv dismissed* 100 NY2d 615 [2003]).

Cardona, P.J., Crew III, Spain and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the father's petition; said petition dismissed; and, as so modified, affirmed.