■ In the Matter of DANA L. GRANT, Appellant, v BARRETT E. GRANT, Respondent. (And Two Other Related Proceedings.) [849 NYS2d 341]—

Spain, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered November 13, 2006, which, among other things, partially granted respondent's application, in three proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child born in August 2001. They separated approximately one year later, at which time the child remained with the mother. Upon the parties' stipulation, by order dated February 27, 2006, Family Court granted them joint legal custody; primary physical custody was with the mother, and the father had alternating weekend parenting time (Friday evening until Monday morning) and midweek overnight. Within one week, the father filed petitions—later withdrawn—to modify that order, alleging violations; months later the mother filed a comparable modification petition seeking sole custody. She also filed a violation petition and the father again petitioned to modify the order, seeking sole custody and other relief. Notably, both parents assert that joint custody is not appropriate. After a trial at which the parties and other witnesses testified and two *Lincoln* hearings were held, Family Court dismissed the mother's violation petition and partially granted the father's modification petition by granting him sole custody with parenting time to the mother comparable to what the father had previously received. The mother now appeals solely on the issue of custody, and we affirm.

Modification of an existing custody order must be supported by a sufficient showing of a change of circumstances indicating a real need to modify an order to further the best interests of the child (*see Matter of Kilmartin v Kilmartin*, 44 AD3d 1099, 1101 [2007]). Family Court's termination of joint custody is amply supported in the record by, among other things, the parties' conceded and unfortunate inability to communicate or cooperate concerning the child (*see Matter of Eck v Eck*, 33 AD3d 1082, 1083 [2006]; *Matter of Van Zandt v Sauers*, 12 AD3d 821, 822 [2004]). Although the record reflects that they were able to achieve some communication with the assistance of the father's wife, who actively participated in their joint arrangement, the parties' clear inability to engage in cooperative decision-making established the unworkability of joint custody for these parents (*see Matter of Eck v Eck*, 33 AD3d at 1083-1084).

Turning to the issue of which parent should be granted sole custody, the "primary concern in any child custody case is the best interest of the child" (*Matter of Goodfriend v Devletsah-Goodfriend*, 29 AD3d 1041, 1042 [2006]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). This requires consideration of all of the circumstances, including "maintaining stability for the child[ ], the child[ ]'s wishes, the home environment with each parent, each parent's past performance and relative fitness, each parent's ability to guide and provide for the child[ ]'s

overall well-being and the willingness of each to foster a positive relationship between the child[ ] and the other parent" (*Matter of Kilmartin v Kilmartin*, 44 AD3d at 1102; *see Matter of Eck v Eck*, 33 AD3d at 1083).

Upon review of the record, and according deference to Family Court's ability to assess the witnesses' demeanor and credibility, to resolve conflicting testimony and to make factual findings (*see Matter of Eck v Eck*, 33 AD3d at 1083), we find sufficient support for its conclusion that an award of sole custody to the father would best serve the child's interests. The court found that the father offers the child "a stable, loving home," "he and his wife have shown a commitment to providing for [the child]," and are able to meet the child's basic needs. Although little evidence was adduced regarding the quality of the parties' respective homes and family dynamics,* the record supports the conclusion that the father and his wife are aware of and attentive to the child's educational, health and other needs. The father and his wife live with the wife's six-year-old son and their one-year-old daughter with whom the child has established close relationships and, at the time of trial, were in the process of purchasing a home. Both work full time, the wife has flexibility in her job to help with unanticipated child-care needs, and they have demonstrated financial responsibility with regard to the child. They were described by the child's preschool teachers as "very concerned," "very reliable" and "very involved."

The mother has resided in a two-bedroom apartment with the child and her six-year-old daughter from a previous relationship. She has cared for both children since birth and presented as a loving mother who has genuine concern for her child's welfare and who worked full time and attended night school to pursue her education. However, she has had difficulties which have undermined the stability to which the child is entitled. Although she now works full time, the mother has not had stability or continuity in her employment, resulting in financial difficulties. She has been cited twice for failure to maintain her car insurance (leading to a loss of license and fines). She repeatedly failed to keep her contact information up-to-date at the child's preschool, leading to their inability to contact her—including one time during a medical emergency—and demonstrated less than full parental responsibility in other respects. She also failed to abide by a clear mandate of Family Court's 2006 order that she specifically supervise all contact between

---

* Notably, there were no allegations against the father of any parental shortcomings or unacceptable behavior, except for arguments in front of the child with the mother.

the child and a friend's six-year-old son against whom allegations of sexual impropriety had been made.

Given their inability to jointly share custody, we see no reason to disturb Family Court's decision that the best interests of the child are better served by an award of sole custody to the father, with extensive parenting time allotted to the mother. The parties are encouraged to share information with one another about the child, to work cooperatively and to continue their pattern of flexibility for her betterment.

Cardona, P.J., Peters, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.