Spain, J.
Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered November 21, 2007, which granted petitioner’s applications, in two proceedings pursuant to Family Ct Act article 6, for a modification of prior orders of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two children, a son (born in 1991) and a daughter (born in 1994). The mother resides in a rural setting in the Town of Mooers, Clinton County near her parents who—over the years—have participated in the rearing of each of the children. The father resides in the City of Troy, Rensselaer County. Under the original joint custody order, the mother retained physical custody of both children; in January 2006, the son expressed a desire to live with the father and, on consent, the father became his primary physical custodian. Approximately two months later, the father obtained physical custody of the daughter, by an order—also on consent—resolving a drug-related neglect petition brought against the mother. Thereafter, the mother filed modification petitions seeking physical custody of both children under the continuing original joint custody order, asserting that she had turned her life around and was concerned with the children’s living situation at the father’s urban residence. Following a hearing, Family Court found a change in circumstances and, while finding both parents to be fit, modified by awarding primary physical custody of both children to the mother. The modification was based upon, among other things, the mother’s capacity to provide better and more direct parental supervision and a better living environment for both children, and the son’s truancy, academic problems, and misbehavior in the community—all occurring while living with the father. The father now appeals and we affirm.
A parent seeking modification of an existing custody order bears the burden of proving that there has been a “ ‘sufficient change in circumstances making modification necessary for the continued best interests of [the] child[ren]’ ” (Matter of Leo v Leo, 39 AD3d 899, 900-901 [2007], quoting Matter of Roe v Roe, 33 AD3d 1152, 1153 [2006]; see Matter of Goodfriend v Devletsah-Goodfriend, 29 AD3d 1041, 1042 [2006]). Here, the *987 mother proffered sufficient evidence demonstrating a substantial change in circumstances requiring reconsideration of the prior custody order. Testimony from the mother’s counselor revealed that she had made significant and meaningful progress in treating her marihuana addiction, and had, in fact, been in treatment for 18 months and in full abstinence for over a year at the time of the hearing. Moreover, the mother took full responsibility for her prior actions and behavior that had led to the allegations of neglect against her. The mother also successfully completed classes on parenting and how to manage a home. Her caseworker testified that she had completely reformed her ways and had become a different person than she was when the order of neglect was entered against her.
Moreover, the record reveals that, since the prior order of custody regarding the son was entered, the son’s situation while residing with the father had taken a substantial turn for the worse. That is, he failed three classes in high school, skipped class quite frequently, began smoking marihuana and was placed in a person in need of supervision diversion program after his involvement in thé destruction of property. Additionally, proof of the father’s lack of attention to the daughter’s proper placement in school was also presented. Indeed, the evidence adduced presented a significant change in circumstances warranting reconsideration of each of the prior custody orders (see Matter of Grant v Grant, 47 AD3d 1027, 1028 [2008]).
Upon our review of the record before us, we conclude that Family Court—which spoke with each of the children in camera—had ample evidence to support its determination that the best interests of the children required that physical custody of the children be granted to the mother. “[T]he ‘primary concern in any child custody case is the best interests] of the child[ren]’ ” (Matter of Grant v Grant, 47 AD3d at 1028, quoting Matter of Goodfriend v Devletsah-Goodfriend, 29 AD3d at 1042; see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Kilmartin v Kilmartin, 44 AD3d 1099, 1101-1102 [2007]). Here, the mother lives in a three bedroom farmhouse in a rural setting close to the maternal grandparents. The father’s residence is in what he concedes is a rough neighborhood where it was alleged that gang-related activity and violence to another boy in the household had occurred. Moreover, after the son was caught vandalizing property in Troy, he admitted to smoking marihuana. At that point, the son’s probation officer recommended that the father seek a drug and alcohol evaluation for the son, which the father failed to do, believing it unnecessary.
In contrast, the mother—despite the distance—continued to *988 be involved in the children’s education and raised concerns about the placement of the daughter in a regular classroom given her limited educational abilities; the father expressed no qualms with the daughter’s educational placement. Although the mother was jailed for a week for having someone forge a signature, she has made significant gains toward becoming a better parent. Moreover, the bond between the children and their maternal grandparents is significant. Given the foregoing and according due deference to Family Court’s ability to evaluate the credibility of the witnesses, we conclude that the court properly modified the prior orders of custody (see Matter of Eck v Eck, 33 AD3d 1082, 1083 [2006]; Matter of Graham v Graham, 24 AD3d 1051, 1052 [2005], lv denied 6 NY3d 711 [2006]), a ruling consistent with the position taken by the attorney representing the children.
Cardona, EJ., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, without costs.