■ In the Matter of WLODEK KOSS, Respondent, v CHRISTINE L. MICHAUD, Appellant. ABBIE GOLDBAS, Attorney for the Children, Appellant. [902 NYS2d 285]—

Appeals from an order of the Family Court, Oneida County (Brian M. Miga, J.H.O.), entered January 20, 2009 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, found that respondent willfully violated an order of visitation.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: In this proceeding pursuant to Family Court Act article 6, the Attorney for the Children and respondent mother appeal from an order imposing sanctions, but holding them in abeyance, upon a finding that the mother interfered with the visitation rights of petitioner father. "We agree with [the mother] that Family Court's finding[ ] that [she] willfully violated the order of visitation on [a] certain date[ ] . . . do[es] not have a sound and substantial basis in the record" (*Matter of Stuttard v Stuttard*, 2 AD3d 1415, 1416 [2003]; *cf. Matter of De Felice v De Felice*, 303 AD2d 1017 [2003]; *Matter of Watts v Watts*, 290 AD2d 822, 824 [2002], *lv denied* 97 NY2d 614 [2002]). The order on appeal, read in conjunction with the underlying decision, indicates that the allegations in the petition were determined to be unfounded, with the exception of the allegation that the mother breached her duty to foster the relationship of the parties' two children with the father when she permitted one of the children to decide for herself whether to accompany the father for Christmas visitation. The evidence in the record establishes, however, that the mother prepared the child's backpack for that visitation, placed it by the front door, and unequivocally told the child in question that she would be going with the father for visitation. The mere fact that the mother made equivocal statements to a babysitter outside the presence of the child is insufficient to establish that the mother willfully interfered with the father's relationship with the child and thus willfully violated the order of visitation. We therefore reverse the order and dismiss the petition. Present—Martoche, J.P., Smith, Fahey, Peradotto and Green, JJ.