# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**722**
**CAF 14-00569**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF DAVID A. LUGO,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

JAMIE M. HAMILL, RESPONDENT-RESPONDENT.
----------------------------------------
IN THE MATTER OF JAMIE M. HAMILL,
PETITIONER-RESPONDENT,

V

DAVID A. LUGO, RESPONDENT-APPELLANT.

---

MICHAEL STEINBERG, ROCHESTER, FOR PETITIONER-APPELLANT AND RESPONDENT-APPELLANT.

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-RESPONDENT AND PETITIONER-RESPONDENT.

WENDY S. SISSON, ATTORNEY FOR THE CHILD, GENESEO.

---

Appeal from an order of the Supreme Court, Genesee County (Eric R. Adams, A.J.), entered March 10, 2014 in a proceeding pursuant to Family Court Act article 6. The order, among other things, adjudged that the parties shall have joint legal custody of the subject child, with primary residency with the mother.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner-respondent father and respondent-petitioner mother are the parents of the child who is the subject of this proceeding. Pursuant to a 2007 court order, the parties had joint legal custody of the child with primary residency to the mother. In late 2012, the mother's living situation became uncertain, and the father agreed to have the child live with him. The father prepared an affidavit reciting that the father would have "primary custody" and would have the child stay with him during the week and with the mother on the weekends, and the mother signed the affidavit. In May 2013, the mother requested that the child be returned to her for primary residency, and the father denied the request. The father filed a petition seeking to modify the 2007 order and grant him primary residency of the child, while the mother filed a petition seeking to

enforce the 2007 order.  Supreme Court found that a change of circumstances had occurred since the 2007 order, but the court concluded that it was in the child's best interests to continue joint custody with primary residency with the mother.

The father contends that the court erred in not giving effect to the parties' 2012 agreement and that the mother was required to show a change in circumstances from the time that the agreement was signed by the mother.  We reject that contention.  The agreement, signed only by the mother and not reduced to an order, was merely an informal arrangement and simply a factor for the court to consider in making its ultimate determination (*see Matter of Thillman v Mayer*, 85 AD3d 1624, 1625; *Matter of Bruce BB. v Debra CC.*, 307 AD2d 408, 409).  Contrary to the father's further contention, the court's determination that the best interests of the child would be served by granting primary residency to the mother is supported by a sound and substantial basis in the record (*see Betro v Carbone*, 5 AD3d 1110, 1110).

Entered:  June 12, 2015                          Frances E. Cafarell
                                                 Clerk of the Court