Matter of Ferratella v Thomas (2019 NY Slip Op 05282)





Matter of Ferratella v Thomas


2019 NY Slip Op 05282


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, NEMOYER, AND CURRAN, JJ.


296 CAF 18-00883

[*1]IN THE MATTER OF DANIEL LEE FERRATELLA, PETITIONER-RESPONDENT,
v
ANGELA BEERS THOMAS, RESPONDENT-APPELLANT. 






DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR RESPONDENT-APPELLANT.
MICHELLE A. COOKE, CORNING, FOR PETITIONER-RESPONDENT. 
BRITTANY L. LINDER, BATH, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Steuben County (Mathew K. McCarthy, A.J.), entered April 25, 2018 in a proceeding pursuant to Family Court Act article 8. The order determined that respondent violated an order of protection and imposed a 30-day suspended jail sentence. 
It is hereby ORDERED that the order so appealed from is unanimously modified in the interest of justice and on the law by vacating that part finding that respondent willfully violated the order of protection when she left petitioner a voicemail and vacating the 30-day suspended jail sentence and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Steuben County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 8, respondent mother appeals from an order that, inter alia, imposed a 30-day suspended jail sentence based upon a determination after a hearing that she willfully violated an order of protection, dated September 26, 2017. In rendering its determination, Family Court found that the mother violated the order of protection on November 4, 2017, when she parked her vehicle outside petitioner father's residence with her engine off for approximately 30 minutes. The court further found that the mother had violated the order of protection when she left a voicemail for the father regarding a nonemergent issue. The court imposed the suspended jail sentence on the basis of both of those violations.
Contrary to the mother's contention, the court did not abuse its discretion in denying her attorney's request for an adjournment of the fact-finding hearing after the mother failed to appear. It is well settled that "[t]he grant or denial of a motion for an adjournment for any purpose is a matter resting within the sound discretion of the trial court' " (Matter of Steven B., 6 NY3d 888, 889 [2006]; see Matter of Clausell v Salame, 156 AD3d 1401, 1401-1402 [4th Dept 2017]), and here the mother's attorney "failed to demonstrate that the need for the adjournment . . . was not based on a lack of due diligence on the part of the mother or her attorney" (Matter of Sophia M.G.-K. [Tracy G.-K.], 84 AD3d 1746, 1747 [4th Dept 2011]; see Matter of Grice v Harris, 114 AD3d 1276, 1276 [4th Dept 2014]).
The mother further contends that she was denied due process because she was not informed of her right to be present and to present proof on the hearing date and because the court considered conduct that was not alleged in the violation petition. Neither of her contentions is preserved for our review (see Matter of Burley v Burley, 128 AD3d 1421, 1421 [4th Dept 2015], lv denied 25 NY3d 914 [2015]; see also Matter of Dakota H. [Danielle F.], 126 AD3d 1313, 1315 [4th Dept 2015], lv denied 25 NY3d 909 [2015]). We address the latter contention in the interest of justice because, as the father correctly concedes, the court considered conduct not alleged in the petition, i.e., the voicemail incident, in determining that the mother failed to [*2]comply with the order of protection and thus violated the mother's right to due process (see generally Matter of Commissioner of Social Servs. v Turner, 99 AD3d 1244, 1245 [4th Dept 2012]). "While Family Court proceedings are permitted to be informal, due process considerations require that a commitment be based on a petition alleging the facts supporting the commitment" (Matter of Anderson v Anderson, 25 AD2d 512, 512 [1st Dept 1966]; see Matter of Felicia W. v Chandler C., 9 AD3d 830, 830 [4th Dept 2004]). Despite the court's error in considering conduct not alleged in the petition, we nevertheless conclude that reversal is not required "given the other evidence of the mother's [violation on November 4, 2017,] which was alleged in the petition and addressed at the fact-finding hearing" (Matter of Brianna R. [Marisol G.], 78 AD3d 437, 439 [1st Dept 2010], lv denied 16 NY3d 702 [2011]).
However, while the court has the statutory authority to impose a period of incarceration for the mother's willful violation on November 4, 2017 (see Family Ct Act § 846-a), the court here stated that it imposed the 30-day suspended jail sentence based upon both violations and further stated that it found the mother's conduct with respect to the voicemail incident to be more concerning. Thus, in light of our conclusion, we modify the order by vacating that part finding that the mother willfully violated the order of protection by leaving the voicemail message and vacating the 30-day suspended jail sentence, and we remit the matter to Family Court to impose a punishment in its discretion based only on the November 4, 2017 incident (see generally Matter of Stuttard v Stuttard, 2 AD3d 1415, 1416-1417 [4th Dept 2003]).
Based upon our determination, the mother's remaining contentions are academic.
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court