# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**775**

**CAF 10-00316**

PRESENT: SMITH, J.P., CENTRA, FAHEY, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF LORI M. THILLMAN,
PETITIONER-RESPONDENT-APPELLANT,

V                                        MEMORANDUM AND ORDER

CHARLES R. MAYER,
RESPONDENT-PETITIONER-RESPONDENT.

---

PETER O. EINSET, GENEVA, FOR PETITIONER-RESPONDENT-APPELLANT.

CHARLES GUTTMAN, ITHACA, FOR RESPONDENT-PETITIONER-RESPONDENT.

ANNE S. GALBRAITH, ATTORNEY FOR THE CHILD, CANANDAIGUA, FOR LILY E.M.

---

Appeal from an order of the Family Court, Seneca County (Dennis F. Bender, J.), entered November 6, 2009 in a proceeding pursuant to Family Court Act article 6.  The order, among other things, granted sole custody of the subject child to respondent.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Petitioner mother appeals from an order that, inter alia, granted respondent father's cross petition seeking joint custody of the parties' child.  The mother had sought modification of the existing joint custody arrangement, pursuant to which she had primary physical custody of the child upon the agreement of the parties. Contrary to the mother's contention, the record establishes that there was no prior court order determining custody.  Thus, this proceeding involves an initial court determination with respect to custody and, "[a]lthough the parties' informal arrangement is a factor to be considered, [the father] is not required to prove a substantial change in circumstances in order to warrant a modification thereof" (*Matter of Smith v Smith*, 61 AD3d 1275, 1276; *see Matter of Morrow v Morrow*, 2 AD3d 1225).  In addition, contrary to the mother's further contention, Family Court properly granted the father sole custody of the parties' child.  The court's determination following a hearing that the best interests of the child would be served by such an award is entitled to great deference (*see Eschbach v Eschbach*, 56 NY2d 167, 173), particularly in view of the hearing court's superior ability to evaluate the character and credibility of the witnesses (*see Matter of Paul C. v Tracy C.*, 209 AD2d 955).  We will not disturb that determination inasmuch as the record establishes that it is the product of the court's "careful weighing of [the] appropriate factors"

(*Matter of Pinkerton v Pensyl*, 305 AD2d 1113, 1114), and it has a sound and substantial basis in the record (*see Betro v Carbone*, 5 AD3d 1110; *Matter of Thayer v Ennis*, 292 AD2d 824).

The mother's contentions concerning visitation are not properly before this Court on appeal, because "they raise issues not determined by the order" on appeal (*Matter of Joseph A.*, 78 AD3d 826, 827). The mother did not request a *Lincoln* hearing and thus failed to preserve for our review her further contention that the court abused its discretion in failing to conduct such a hearing (*see Matter of Lopez v Robinson*, 25 AD3d 1034, 1037; *Matter of Picot v Barrett*, 8 AD3d 288, 289). In any event, based on the child's young age, we perceive no abuse of discretion in the court's failure to conduct a *Lincoln* hearing (*see Matter of Graves v Stockigt*, 79 AD3d 1170, 1171). We have considered the mother's further contentions and conclude that they are without merit.

Entered: June 10, 2011            Patricia L. Morgan
                                                  Clerk of the Court