# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

286
CAF 11-01896
PRESENT: CENTRA, J.P., CARNI, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF BARNEY M. MATHEWSON, JR.,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ELIZABETH SESSLER, RESPONDENT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR RESPONDENT-APPELLANT.

TERRI BRIGHT, FABIUS, FOR PETITIONER-RESPONDENT.

DENNIS S. LERNER, ATTORNEY FOR THE CHILDREN, SYRACUSE, FOR MICHAEL B.M., KATHLEEN M.M., AND SAMUEL N.M.

---------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Onondaga County (Gina M. Glover, R.), entered April 25, 2011 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted the parties joint legal custody of their children.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law and facts by denying the father's petition in part, vacating the 1st through 11th ordering paragraphs and inserting in place thereof the following:

ORDERED, that the father shall enjoy parenting time with the children on alternate weekends beginning May 1, 2012, from Friday at 6:30 P.M. until Sunday at 6:30 P.M.; and it is further

ORDERED, that the mother shall enjoy parenting time with the children each and every Thanksgiving weekend from Wednesday at 6:30 P.M. until Sunday at 6:30 P.M. and that such time shall take precedence over the father's regularly scheduled alternate weekend parenting time, without a right to the father for makeup time in the event there is a conflict; and it is further

ORDERED, that the father shall enjoy parenting time with the children each and every Easter weekend from Friday at 6:30 P.M. until Sunday at 6:30 P.M.; and it is further

ORDERED, that the father shall enjoy parenting time with the children on the father's birthday for a minimum of three hours and each of the children's birthdays for a

minimum of two hours; and it is further

ORDERED, that the mother shall enjoy parenting time with the children on the mother's birthday for a minimum of three hours and each of the children's birthdays for a minimum of two hours; and it is further

ORDERED, that the father shall enjoy parenting time with the children on Father's Day from 10:00 A.M. until 6:30 P.M., even in the event that Father's Day falls on an "off" weekend; and it is further

ORDERED, that the mother shall enjoy parenting time with the children on Mother's Day from 10:00 A.M. until 6:30 P.M. and that such time shall take precedence over the father's regularly scheduled alternate weekend parenting time, without a right to the father for makeup time in the event there is a conflict; and it is further

ORDERED, that during each summer, the father shall enjoy uninterrupted parenting time with the children during two consecutive weeks to run from Friday at 6:30 P.M. until the second Friday thereafter at 6:30 P.M.  The father shall notify the mother by the first day of April which two consecutive weeks he will use for such parenting time; and it is further

ORDERED, that during each summer, the mother shall enjoy uninterrupted parenting time with the children during two consecutive weeks to run from Friday at 6:30 P.M. until the second Friday thereafter at 6:30 P.M., and that such time shall take precedence over the father's regularly scheduled alternate weekend parenting time, without a right to the father for makeup time in the event there is a conflict.  The mother shall notify the father by the first day of June which two consecutive weeks she will use for such parenting time; and it is further

ORDERED, that the father shall have parenting time with the children on alternate holidays, commencing with Memorial Day 2012, as follows:  New Year's Day, Martin Luther King, Jr. Day, President's Day, Memorial Day, Independence Day, Labor Day, Columbus Day, Veteran's Day, Christmas Eve and Christmas Day;

and as modified the order is affirmed without costs.

Memorandum:  Respondent mother appeals from an order that granted petitioner father's petition seeking to modify the prior order of custody and visitation by, inter alia, awarding him joint legal custody of the parties' three children.  The parties previously entered into a stipulation whereby it was agreed that the mother would have "sole legal custody and placement of the children, subject to the [father's] rights of visitation."  The father was to have visitation

every other Saturday from 3:00 P.M. to 7:00 P.M.  That stipulation was incorporated into the judgment of divorce.

We note at the outset that, although Family Court failed "to set forth 'the facts it deems essential' and upon which its determination is based" (*Matter of Whitaker v Murray*, 50 AD3d 1185, 1186, quoting CPLR 4213 [b]; *see generally* Family Ct Act § 165 [a]), remittal of the matter is not required inasmuch as " 'the record is . . . sufficient to enable this Court to make the requisite findings of fact' " (*Matter of Bradbury v Monaghan*, 77 AD3d 1424, 1425).

We agree with the mother that the father failed to make a sufficient showing of a change in circumstances to warrant modification of the existing custody arrangement (*see Matter of Gridley v Syrko*, 50 AD3d 1560, 1561; *cf. Matter of Stacey L.B. v Kimberly R.L.*, 12 AD3d 1124, 1124-1125, *lv denied* 4 NY3d 704).  "[A] long-term custodial arrangement established by agreement[, such as the arrangement herein,] should prevail 'unless it is demonstrated that the custodial parent is unfit or perhaps less fit' " (*Fox v Fox*, 177 AD2d 209, 211), and that is not the case here.  Contrary to the father's contention, his new employment, which allowed him more free time to spend with the children, and his purchase of a home were insufficient to constitute the requisite change in circumstances.  We therefore modify the order by denying that part of the father's petition seeking joint custody of the children and vacating the first and second ordering paragraphs.

We further agree with the mother that the court abused its discretion in setting the revised visitation schedule.  Although we conclude that the father failed to meet his " 'burden of demonstrating a sufficient change in circumstances to warrant modification' " of the visitation schedule (*Matter of Darla N. v Christine N.* [appeal No. 2], 289 AD2d 1012, 1012), we note that the mother concedes that an increase in the father's visitation from the original visitation schedule is in the best interests of the children, and it is within this Court's authority to modify orders to increase or decrease visitation (*see generally Matter of Roody v Charles*, 283 AD2d 945, 946).  We therefore further modify the order by vacating the 3rd through 11th ordering paragraphs and inserting in place thereof a visitation schedule that reflects a reasonable balance between the excessive visitation granted by the court and the limited prior visitation schedule.

Entered:  April 27, 2012                      Frances E. Cafarell
                                              Clerk of the Court