SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**659**

**CAF 11-01859**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF DANIEL TARRANT,
PETITIONER-RESPONDENT,

V                                    MEMORANDUM AND ORDER

SHANNON OSTROWSKI, RESPONDENT-APPELLANT.

---

DOMINIC PAUL CANDINO, BUFFALO, FOR RESPONDENT-APPELLANT.

VENZON LAW FIRM PC, BUFFALO (CATHARINE M. VENZON OF COUNSEL), FOR
PETITIONER-RESPONDENT.

MINDY L. MARRANCA, ATTORNEY FOR THE CHILDREN, BUFFALO, FOR OLIVIA T.
AND DOMINIC T.

---------------------------------------------------------------------------------

Appeal from an order of the Family Court, Erie County (Sharon M.
LoVallo, A.J.), entered August 29, 2011 in a proceeding pursuant to
Family Court Act article 6.  The order, inter alia, granted petitioner
sole custody of the parties' children.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent mother appeals from an order modifying
the parties' existing custody arrangement by transferring physical
custody of the parties' two children to petitioner father and granting
the father sole custody of the children.  The parties have had joint
custody of the children with primary physical custody with the mother
since February 24, 2010, pursuant to an order incorporating the
parties' January 5, 2010 written custody agreement.  In addition,
Family Court adjudicated the mother to have violated prior court
orders.

We reject the mother's contention that the court erred in
determining that she willfully violated one or more prior court
orders.  Deferring as we must to the court's findings of fact, which
are supported by a "sound and substantial basis in the record" (*Matter
of Alice A. v Joshua B.*, 232 AD2d 777, 779), as well as its resolution
of issues of credibility, we conclude that there was the requisite
clear and convincing evidence to support the finding that the mother
willfully violated a prior court order by preventing the father from
receiving custodial access to the children in April 2010 (*see
generally Matter of Seacord v Seacord*, 81 AD3d 1101, 1103).  That
custodial access was set forth in the parties' January 5, 2010 custody
agreement, which in turn was incorporated in the court's order of

February 24, 2010.

We also reject the mother's contention that the court erred in considering testimony regarding matters that predated the aforementioned custody agreement and order.  In custody cases, "Family Court is afforded broad discretion in establishing the parameters of the proof at trial and, if necessary, may extend it to all relevant matters" (*Matter of Gardner v Gardner*, 69 AD3d 1243, 1244).  Here, the court explained that background information regarding the nature of the parties' relationship prior to the custody order and the circumstances surrounding their separation was required, to enable the court to understand the reluctance of the older child to spend time with the father and to make a more informed decision on the father's instant modification petition.  Because the testimony in question provided the court with a baseline from which to assess whether there was a change in circumstances and permitted the court to conduct a more complete assessment of the best interests of the children, we conclude that the court did not abuse its discretion in considering such testimony.  Contrary to the mother's further contention, such testimony was not barred by res judicata or collateral estoppel.

Turning to the merits of the mother's challenge to the transfer of custody, we note that "alteration of an established custody arrangement will be ordered only upon a showing of a change in circumstances which reflects a real need for change to ensure the best interest[s] of the child[ren]" (*Matter of Irwin v Neyland*, 213 AD2d 773, 773).  Here, the evidence at the hearing indicated that, prior to the establishment of the previous custody arrangement, the parties had no issues carrying out the father's custodial access, the father had successful visits with the children, and both children were loving in their interactions with the father and the paternal grandparents.  The evidence further indicated that, after the prior custody arrangement was established, the father was denied access to the children on at least three occasions and the behavior of the older child toward the father and the paternal grandparents deteriorated drastically.  Specifically, the older child began to exhibit a newfound hostility toward the father and paternal grandparents, showed an unwillingness to enjoy time spent with them, suddenly became unwilling to speak to the father on the telephone and, indeed, began acting in a violent manner toward the father.  In light of that evidence, the court properly determined that a sufficient change of circumstances existed to warrant a review of the custody arrangement.

The remaining issue is whether the court erred in determining that the change of custody to the father was in the children's best interests.  The court's determination is "entitled to great deference" and will not be disturbed if "the record establishes that it is the product of 'careful weighing of [the] appropriate factors' . . . and it has a sound and substantial basis in the record" (*Matter of McLeod v McLeod*, 59 AD3d 1011, 1011).  Although "defiance of a court order is but one factor to be considered when determining the relative fitness of the parties and what custody arrangement is in the child[ren]'s best interest[s]" (*Wodka v Wodka*, 168 AD2d 1000, 1001), we conclude that the court properly weighed and considered all of the relevant

factors, some of which favored the father while others favored the mother.  Giving due deference to the court's "superior ability to evaluate the character and credibility of the witnesses" (*Matter of Thillman v Mayer*, 85 AD3d 1624, 1625), we perceive no basis to disturb its award of custody to the father.