# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

350

CAF 12-00335

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF BRADLEY OLUFSEN,
PETITIONER-RESPONDENT,

V                                                MEMORANDUM AND ORDER

TRICIA PLUMMER, RESPONDENT-APPELLANT.

---

DEBORAH J. SCINTA, ORCHARD PARK, FOR RESPONDENT-APPELLANT.

BOUVIER PARTNERSHIP, LLP, EAST AURORA (ROGER T. DAVISON OF COUNSEL),
FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), FOR MACI
L.O.

---

Appeal from an order of the Family Court, Erie County (Paul G. Buchanan, J.), entered January 24, 2012 in a proceeding pursuant to Family Court Act article 6.  The order, among other things, awarded petitioner custody of the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Respondent mother appeals from an order that, inter alia, awarded sole custody of the parties' child to petitioner father and "liberal and frequent" visitation to her.  Contrary to the mother's contention, we conclude that Family Court's best interests determination is supported by a sound and substantial basis in the record and that the court did not fail to consider the appropriate factors in awarding sole custody to the father (*see Eschbach v Eschbach*, 56 NY2d 167, 171; *Matter of Tarrant v Ostrowski*, 96 AD3d 1580, 1582, *lv denied* 20 NY3d 855; *Matter of Booth v Booth*, 8 AD3d 1104, 1104-1105, *lv denied* 3 NY3d 607; *see generally Fox v Fox*, 177 AD2d 209, 210).  We note that "[i]t is well settled . . . that [a] concerted effort by one parent to interfere with the other parent's contact with the child is so inimical to the best interests of the child . . . as to, per se, raise a strong probability that [the interfering parent] is unfit to act as custodial parent" (*Matter of Orzech v Nikiel*, 91 AD3d 1305, 1306 [internal quotation marks omitted]; *see Matter of Marino v Marino*, 90 AD3d 1694, 1695).  Under such circumstances, we conclude that the child's emotional development is better served by sole custody to the father (*see generally Fox*, 177 AD2d at 210).  Here, we note that there was evidence in the record

that the mother sought to interfere with the relationship between the father and the child by pressuring the child into making groundless allegations of sexual abuse against the father and by repeating those groundless allegations.

We reject the mother's contention that the court erred in relying heavily on the investigative report and opinion testimony of a licensed clinical psychologist. The psychologist met with the parties individually, visited their homes when the child was present, administered psychological tests to the parties and the child, and consulted with caseworkers with the Erie County Department of Social Services. At the hearing, the psychologist testified that the mother exhibited "a lack of emotional [attunement]" with the child and that they had an "unhealthy dynamic." He further testified that the mother could not effectively communicate with the father with respect to the child and that joint custody would be inappropriate. Although we agree with the mother that the opinion of a court-ordered psychologist is only one factor to be considered in a custody proceeding (*see generally Matter of Alexandra H. v Raymond B.H.*, 37 AD3d 1125, 1126), we conclude that there was additional evidence in the record supporting the court's determination that the father should have custody of the child. Moreover, we see no basis for disturbing the court's "first-hand assessment of the credibility of the witnesses" (*Matter of Bryan K.B. v Destiny S.B.*, 43 AD3d 1448, 1449), including the psychologist.

Finally, the mother's further contention that the court erred in failing to hold a *Lincoln* hearing is not preserved for our review inasmuch as the mother did not request that the court conduct such a hearing (*see Matter of Thillman v Mayer*, 85 AD3d 1624, 1625; *see generally Matter of Lincoln v Lincoln*, 24 NY2d 270, 272-274). "In any event, based on the child's young age, we perceive no abuse of discretion in the court's failure to conduct a *Lincoln* hearing" (*Thillman*, 85 AD3d at 1625; *see Matter of Graves v Stockigt*, 79 AD3d 1170, 1171).

Entered: April 26, 2013                    Frances E. Cafarell
                                           Clerk of the Court