# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1210**
**CAF 14-01279**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF DAILA W., DANIEL W. AND
DAIANA W.
------------------------------------------
ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES,       MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

DANIELLE W., RESPONDENT-APPELLANT,
AND DANIEL P., RESPONDENT-RESPONDENT.
(APPEAL NO. 1.)

---

CARA A. WALDMAN, FAIRPORT, FOR RESPONDENT-APPELLANT.

KIMBERLY A. KOLCH, UTICA, FOR PETITIONER-RESPONDENT.

JESSICA REYNOLDS-AMUSO, ATTORNEY FOR THE CHILDREN, CLINTON.

PAUL M. DEEP, UTICA, FOR RESPONDENT-RESPONDENT.

JOHN G. KOSLOSKY, ATTORNEY FOR THE CHILD, UTICA.

---

Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered May 27, 2014 in a proceeding pursuant to Family Court Act article 10. The order, among other things, returned Daniel W. and Daiana W. to the care and custody of respondent Daniel P.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: These consolidated appeals arise from a neglect proceeding pursuant to Family Court Act article 10 and a custody proceeding pursuant to Family Court Act article 6. Both proceedings concern Daniel W. and Daiana W., the children of Danielle W. (mother), respondent in both proceedings, and Daniel P. (father), respondent in the neglect proceeding and petitioner in the custody proceeding. During the pendency of the neglect proceeding, the children were placed temporarily with the paternal grandmother. In appeal No. 1, the mother appeals from the order of disposition in the neglect proceeding that, inter alia, returned the children to the care and custody of the father. In appeal No. 2, the mother appeals from the order in the custody proceeding that, inter alia, awarded sole custody of the children to the father.

As a preliminary matter, we reject the father's contention that these appeals were rendered moot by subsequent orders that modified

the visitation provisions of the order in appeal No. 2.  The subsequent proceedings did not address the custody of the children, and the orders in those proceedings therefore did not "render [these] appeal[s] on the issue of custody meaningless" (*Matter of Karen PP. v Clyde QQ.*, 197 AD2d 753, 754).

We reject the mother's contention that Family Court erred in modifying the existing custody arrangement by awarding custody of the children to the father.  As the mother correctly concedes, "the parties' acrimonious relationship and inability to communicate with each other render[ed] the existing joint custody arrangement inappropriate" (*Matter of Ingersoll v Platt*, 72 AD3d 1560, 1561).  The mother also correctly concedes that the father established "the requisite change in circumstances to warrant an inquiry into whether the best interests of the child[ren] would be served by modifying the existing custody arrangement" (*Matter of Mercado v Frye*, 104 AD3d 1340, 1341, *lv denied* 21 NY3d 859).  Contrary to the mother's contention, we conclude that the court's determination regarding the best interests of the children is supported by a sound and substantial basis in the record and that the court properly considered the appropriate factors in awarding sole custody to the father (*see Eschbach v Eschbach*, 56 NY2d 167, 171-172; *Matter of Olufsen v Plummer*, 105 AD3d 1418, 1418).  "Giving due deference to the court's 'superior ability to evaluate the character and credibility of the witnesses . . . , we perceive no basis to disturb its award of custody to the father' " (*Matter of Tarrant v Ostrowski*, 96 AD3d 1580, 1582, *lv denied* 20 NY3d 855).

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court