# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**501**
**CAF 14-02288**
PRESENT: SMITH, J.P., CENTRA, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF IAN WALKER,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SUNSHINE CARROLL, RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.

BENNETT SCHECHTER ARCURI & WILL, LLP, BUFFALO (ANDREW F. EMBORSKY OF COUNSEL), FOR PETITIONER-RESPONDENT.

LYDIA V. EVANS, ATTORNEY FOR THE CHILD, FREDONIA.

---

Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered June 24, 2014 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded petitioner sole custody of the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, respondent mother appeals from an order that, inter alia, granted petitioner father's petition seeking sole custody of the parties' child. In appeal No. 2, the mother appeals from an order that denied her motion pursuant to CPLR 4404 (b) and 5015 (a) to vacate the order that is the subject of appeal No. 1.

Contrary to the mother's contention in appeal No. 1, "this proceeding involves an initial court determination with respect to custody and, [a]lthough the parties' informal arrangement is a factor to be considered, [the father] is not required to prove a substantial change in circumstances in order to warrant a modification thereof" (*Matter of DeNise v DeNise*, 129 AD3d 1539, 1539-1540 [internal quotation marks omitted]). Contrary to the mother's further contention, affording great deference to Family Court's assessment of witness credibility, we conclude that the court's determination that the best interests of the child would be best served by awarding custody to the father has a sound and substantial basis in the record (*see Matter of Thillman v Mayer*, 85 AD3d 1624, 1625). We likewise affirm the order in appeal No. 2. Even assuming, arguendo, that the mother's request for relief under CPLR 4404 (b) was timely pursuant to CPLR 4405, we conclude that the court did not abuse its discretion in

denying the motion pursuant to CPLR 4404 (b) and 5015 (a) (*see Matter of Ramsey H. [Benjamin K.]*, 99 AD3d 1040, 1043, *lv denied* 20 NY3d 858; *Marine Midland Bank v Cramer*, 177 AD2d 1009, 1009, *lv dismissed* 79 NY2d 915).

Entered:  June 10, 2016                      Frances E. Cafarell
                                             Clerk of the Court