■ In the Matter of Lindsay Terramiggi, Respondent, v Joshua Tarolli, Appellant, et al., Respondents. Susan B. Marris, Esq., Attorney for the Child, Appellant. [56 NYS3d 721]—

Appeals from an order of the Family Court, Oswego County (Kimberly M. Seager, J.), entered March 31, 2016 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted petitioner sole legal and primary physical custody of the subject child.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the 5th, 6th, and 10th ordering paragraphs and inserting in place thereof and in addition thereto the following:

Ordered that respondent shall have parenting time with the child each year during her Christmas holiday school break.

Ordered that respondent shall have parenting time with the child each year during her winter and spring school breaks.

Ordered that, for all parenting times, the parties shall meet halfway between petitioner's home and respondent's home for the exchange of the child or, in the alternative, the parties shall share the cost of airfare for the child, petitioner and respondent shall each pay for his or her own cost of airfare, and petitioner and respondent shall each pay for the costs of any adult companion, who shall be mutually agreed upon, they use to travel with the child.

Ordered that, upon two weeks' notice, respondent shall have liberal visitation with the child whenever he is in Florida; and, as modified, the order is affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent father and the Attorney for the Child (AFC) appeal from an order that, inter alia, awarded petitioner mother sole legal and primary physical custody of the subject child, with visitation to the father.

We note at the outset that, "[a]lthough a court may consider the effect of a parent's relocation as part of a best interests analysis, relocation is but one factor among many in its custody determination" (*Matter of Saperston v Holdaway*, 93 AD3d 1271, 1272 [2012], *appeals dismissed* 19 NY3d 887 [2012], 20 NY3d 1052 [2013]). "[T]he relevant issue is whether it is in the best interests of the child to reside primarily with the mother or the father" (*id.*) and, here, contrary to the contentions of the father and the AFC, there is a sound and substantial basis in the record for Family Court's determination that awarding the mother sole legal and physical custody is in the child's best interests (*see generally Eschbach v Eschbach*, 56 NY2d 167, 171-174 [1982]).

The father and AFC also contend that the court could not make a proper custody determination without being advised of the child's wishes either through a *Lincoln* hearing or a closing statement from the AFC who represented the child at trial. The AFC further contends that the AFC who represented the child during the trial failed to zealously advocate for the child. The contention with respect to the *Lincoln* hearing is not

preserved for our review. At the end of trial, the court asked all parties if the court needed to conduct a *Lincoln* hearing, and counsel responded in the negative (*see Bielli v Bielli*, 60 AD3d 1487, 1487 [2009], *lv dismissed* 12 NY3d 896 [2009]). In any event, we conclude that the contention is without merit. Although a child's wishes are entitled to great weight, we note that the child was only four years old at the time of the trial (*see generally Matter of Olufsen v Plummer*, 105 AD3d 1418, 1419 [2013]). Furthermore, we conclude that the failure of the AFC who represented the child at trial to request a *Lincoln* hearing and/or to submit a written closing argument does not constitute ineffective assistance (*see Matter of Venus v Brennan*, 103 AD3d 1115, 1116-1117 [2013]).

Contrary to the father's further contention, the court did not abuse its discretion when it limited evidence of the mother's substance abuse to events occurring only after the child's birth. "It is well settled that, in determining the best interests of the children, the court is vested with broad discretion with respect to the scope of proof to be adduced" (*Matter of Brown v Wolfgram*, 109 AD3d 1144, 1145 [2013]).

We agree with the father, however, that the court abused its discretion in fashioning a visitation schedule. "[V]isitation issues are determined based on the best interests of the children . . . and . . . trial courts have broad discretion in fashioning a visitation schedule" (*D'Ambra v D'Ambra* [appeal No. 2], 94 AD3d 1532, 1534 [2012] [internal quotation marks omitted]). It is also "within this Court's authority to modify orders to increase or decrease visitation" (*Matter of Mathewson v Sessler*, 94 AD3d 1487, 1490 [2012], *lv denied* 19 NY3d 815 [2012]). We therefore modify the order by vacating the 5th, 6th, and 10th ordering paragraphs and inserting in place thereof and in addition thereto a visitation schedule that reflects a reasonable balance between the court's award of sole legal and primary physical custody to the mother in Florida and the father's residency in Oswego County, New York. Present—Carni, J.P., Lindley, DeJoseph, Curran and Troutman, JJ.