Matter of Torres v Torres (2022 NY Slip Op 07374)

Matter of Torres v Torres

2022 NY Slip Op 07374

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, WINSLOW, AND BANNISTER, JJ.

880 CAF 22-00159

[*1]IN THE MATTER OF SHANDA L. TORRES, PETITIONER-RESPONDENT,
v
JOSE L. TORRES, RESPONDENT-APPELLANT. 

TODD G. MONAHAN, LITTLE FALLS, FOR RESPONDENT-APPELLANT.

 Appeal from an order of the Family Court, Jefferson County (Eugene R. Renzi, A.J.), entered November 10, 2021 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted sole legal and primary physical custody of the subject child to petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to article 6 of the Family Court Act, respondent father appeals from an order awarding sole legal and primary physical custody of the subject child to petitioner mother, with visitation to the father. The father contends that Family Court's determination to award sole legal and primary physical custody to the mother is not supported by a sound and substantial basis in the record. We reject that contention and affirm.
Preliminarily, we note that, because this proceeding involves an initial determination with respect to custody of the child, we may consider the parties' informal custody arrangement, pursuant to which the parties had joint custody of the subject child with primary residence with the father, but the mother is not required to prove a change in circumstances in order to warrant modification of that arrangement (see Matter of DeNise v DeNise, 129 AD3d 1539, 1539-1540 [4th Dept 2015]; Matter of Thillman v Mayer, 85 AD3d 1624, 1625 [4th Dept 2011]).
"In making an initial custody determination, the court is 'required to consider the best interests of the child by reviewing such factors as maintaining stability for the child, . . . the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent' " (Matter of Gilbert v Nunez-Merced, 181 AD3d 1210, 1210 [4th Dept 2020], lv denied 35 NY3d 910, 911 [2020]; see Matter of Athoe v Goodman, 170 AD3d 1532, 1533 [4th Dept 2019]).
Here, contrary to the father's contention, the court's determination to award sole legal and primary physical custody to the mother has a sound and substantial basis in the record (see Thillman, 85 AD3d at 1625). "The court's determination following a hearing that the best interests of the child would be served by such an award is entitled to great deference . . . , particularly in view of the hearing court's superior ability to evaluate the character and credibility of the witnesses . . . We will not disturb that determination inasmuch as the record establishes that it is the product of the court's careful weighing of [the] appropriate factors" (Matter of Timothy MYC v Wagner, 151 AD3d 1731, 1732 [4th Dept 2017] [internal quotation marks omitted]; see Thillman, 85 AD3d at 1625).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court