■ In the Matter of LAURA D. BENTON, Appellant, v TIMOTHY J. HOUGHTLING, Respondent. [597 NYS2d 771] —Mahoney, J. Appeal from an order of the Family Court of Chemung County (Danaher, Jr., J.), entered December 18, 1991, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' child.

In our view, Family Court's determination awarding physical custody of the parties' three-year-old daughter, Victoria, to respondent, with joint legal custody in both, is supported by the requisite sound and substantial basis in the record. A reading of the court's decision establishes that it carefully and deliberately considered the numerous factors customarily listed as being of significance in making a best interest determination, notably each parent's stability, past performance, fitness, lifestyle, and ability to guide the child's intellectual and emotional development *(see, e.g., Matter of Dinino v Deima,* 173 AD2d 1017, 1018; *Matter of Gitchell v Gitchell,* 165 AD2d 890, 894). Undoubtedly, this proved to be a difficult task inasmuch as both parents are quite young and, despite their genuine love for Victoria, obviously lack maturity and have a demonstrated history of being unable to provide the structure, stability and patience necessary to meet her daily needs and to guide her development. Accordingly, Victoria has been shuffled between petitioner and respondent on numerous occasions due to petitioner's numerous crises or to her simply needing time off. As a result, the maternal and paternal

grandparents have been the only stable influence and have been the guiding forces behind Victoria's development to date.

However, we are satisfied on this record and at this point that respondent is, albeit marginally, in a better position to care for Victoria on a daily basis and, as such, consideration of her best interest necessitates that she physically reside with him. Not only has respondent since married and his wife is amenable to the prospect of having Victoria on a full-time basis, he has a stable job, a good relationship with his parents and a well-developed and secure family support network. While he concedes that he knows little about being a father, he is willing to take parenting classes offered through his employment and displays a genuine concern about improving his skills. Petitioner, on the other hand, does not present as stable a picture. As reflected in the record, she leads an almost nomadic existence, moving from place to place at short intervals and is unable or unwilling to hold a job for any length of time. That this lifestyle simply is not conducive to the stable upbringing of a child is demonstrated by the fact that during the periods Victoria resided with petitioner, either petitioner's mother or a babysitter was the primary caretaker. This situation strained, even more, the already volatile relationship between petitioner and her mother and, based upon the testimony contained in the record, there is every indication that this unsatisfactory situation will reoccur if petitioner is awarded custody on a permanent basis.

As a final matter, while at the time of the hearing respondent and his wife temporarily were residing with respondent's parents, there simply is no support in the record for petitioner's claim that awarding physical custody of Victoria to respondent is tantamount to a de facto award of custody to respondent's parents.

Weiss, P. J., Levine, Mercure and Casey, JJ., concur. Ordered that the order is affirmed, without costs.