■ In the Matter of ROGER WELLMAN, Respondent, v PATRICIA DUTCH, Appellant. [604 NYS2d 381] —Order reversed on the law without costs, petition denied, cross petition granted and matter remitted to Oneida County Family Court for further proceedings in accordance with the following Memorandum: Family Court improperly weighed the relevant factors applicable to resolution of this dispute over custody of the parties' eight-month-old out-of-wedlock child. We agree with Family Court's finding that both parents have adequate parenting skills and can provide for the intellectual and emotional development of the child. Family Court found that "[b]oth parents appear to have equal parenting skills and both appear emotionally stable." Family Court did not find, as do the

dissenters, that petitioner father is more emotionally stable, more fit, or displayed greater stability in his living situation than respondent mother. Indeed, the record indicates that petitioner left his wife and children to live with respondent shortly after the child's birth and then left respondent and his child to return to live with his wife and their children, understandably causing respondent emotional trauma. The simple fact is that both petitioner and respondent have exhibited lack of stability.

We cannot agree with Family Court, however, that, all other factors being equal, custody should be awarded to petitioner based upon the relative quality of home environment and financial ability to support the child. Those factors generally are of minor importance and should not be determinative (see, Matter of Ebert v Ebert, 38 NY2d 700, 704; see generally, 4 Foster, Freed and Brandes, Law and the Family New York § 1:48 [2d ed]) and that is especially true in this case. Although petitioner has the greater income, there is no evidence of the amount of his monthly expenses. The record was insufficient, therefore, to support a finding that he has the greater financial ability to support the child. Moreover, if custody remains with respondent and petitioner is obligated to pay child support at the level indicated by the Child Support Standards Act (Family Ct Act § 413), the disparity in incomes and financial resources will virtually disappear.

With respect to the quality of home environment, there is no evidence that respondent's routine of transporting the child early in the morning to her aunt's home for care while respondent is working has had, or will have, an adverse effect upon the child's development. The record indicates that the aunt is a licensed home care provider and that, for nearly all of the time that the aunt cares for the subject child, the mentally handicapped senior citizen whom she cares for attends a senior citizen program and is not present in the aunt's home. Also, the aunt's children are ages 19, 15 and 11. There is no evidence that any of those children require the aunt's attention during weekdays when the subject child is cared for by the aunt. Further, the court's award of custody to petitioner principally because his spouse would be home all day to care for the child has the impermissible effect of depriving respondent, an unmarried working mother, of her equal right to custody. More significant in the context of this case is expert testimony that mother and child have bonded and that continuity of the custodial environment is important to the

child's development. Family Court apparently accorded no weight to this factor and that was error.

The record is adequate to permit this Court's independent review and determination of the custody issue *(see, Matter of Graci v Graci,* 187 AD2d 970, 972). All other factors being equal, we conclude that the importance of continuity of the child's present custodial environment substantially outweighs the more comfortable home setting that petitioner could provide and perhaps marginally greater financial ability to support the child. "[M]aterial advantages properly [should be] deemed to have little if any relevance to custody determinations" (4 Foster, Freed and Brandes, *op. cit.,* at 223). Thus, we award custody of the child to respondent and remit the matter to Oneida County Family Court for determination of an appropriate visitation schedule and for an award of child support to respondent.

All concur except Denman, P. J., and Lawton, J., who dissent and vote to affirm in the following Memorandum.

Denman, P. J., and Lawton, J. (dissenting). We respectfully dissent. Family Court considered only appropriate and relevant factors, and properly weighed those factors in determining that an award of custody to petitioner father would be in the best interests of the child and would best promote her welfare and happiness *(see,* Domestic Relations Law § 240 [1]; *Eschbach v Eschbach,* 56 NY2d 167; *Friederwitzer v Friederwitzer,* 55 NY2d 89). We see no reason to set aside its determination. Petitioner has greater financial ability to care for the child; he earns approximately $30,000 a year, whereas respondent mother earns approximately $16,000. Petitioner owns a three-bedroom house that he shares with his wife and their two children; respondent rents a one-bedroom apartment that she shares with her 10-year-old daughter. The record establishes that the child care situation in petitioner's home is superior to the arrangement made by respondent. While petitioner's wife would be home with the child, respondent must awaken the child and drop her off at respondent's aunt's home by 5:45 every morning. The record further establishes that the child is in the care of the aunt for nine to 13 hours each workday; respondent's aunt has three children of her own and also takes care of a mentally handicapped senior citizen. The record also establishes that petitioner is more emotionally stable than respondent, and that he has displayed greater stability in his living situation. In appropriate circumstances, continuity of the child's present custodial setting can be an extremely important factor, but it is necessarily a factor of

subordinate importance where the court is making an initial determination of custody in a proceeding commenced within weeks of the child's birth. In any event, on this record, continuity of setting does not outweigh the numerous other factors supporting the court's award of custody to petitioner, who is the more fit parent. (Appeal from Order of Oneida County Family Court, Ringrose, J.—Custody.) Present—Denman, P. J., Balio, Lawton, Doerr and Boehm, JJ.