■ In the Matter of EARL D. HILLIARD, Respondent, v BARBARA M. H. PERONI, Appellant. [666 NYS2d 92] —Order unanimously affirmed without costs. Memorandum: Family Court properly awarded petitioner father sole custody of the parties' two children following a hearing. The court, however, failed to recognize that its order is a modification of a 1994 North Dakota decree of divorce that awarded joint custody to the parties and sole physical custody to petitioner. Thus, the court failed to make the findings necessary to warrant a change in custody. Nonetheless, the record is sufficiently complete for us to make our own findings of fact in the interests of judicial economy and the well-being of the children (*see, Matter of Ammann v Ammann,* 209 AD2d 1032, 1033).

"It is well established that alteration of an established custody arrangement will be ordered only upon a showing of a change in circumstances which reflects a real need for change to ensure the best interest of the child" (*Matter of Irwin v Neyland*, 213 AD2d 773; *see, Matter of Smith v Kalman*, 235 AD2d 848). The record establishes that, since the divorce, the parties have been unable to get along and have exchanged charges of abuse and neglect. A joint custody arrangement therefore is no longer appropriate (*see, Braiman v Braiman*, 44 NY2d 584, 589-590; *Matter of Buffy E. v Lance C.*, 227 AD2d 903, 904). Charges of abuse brought by respondent mother in October 1995 were thoroughly investigated without conclusive resolution. During the course of that investigation, respondent was given temporary custody of the children, but she prevented the children from participating in essential counseling, and the children regressed while in her care. While petitioner has a history of domestic violence, he and his wife have enthusiastically participated in counseling and have demonstrated a willingness and desire to continue the children's counseling. Based on the record before us, we conclude that the change in custody is in the best interests of the children.

Finally, respondent's contention that the court erred by failing to conduct an in camera interview of the children is not preserved for our review. In any event, we conclude that, in view of the young age of the children, the court did not abuse its discretion in failing to conduct an in camera interview (*see generally, Matter of Lincoln v Lincoln*, 24 NY2d 270). (Appeal from Order of Jefferson County Family Court, Schwerzmann, J.—Custody.) Present—Pine, J. P., Hayes, Wisner, Balio and Fallon, JJ.