■■■ In the Matter of WILLIAM ROSS, Respondent, v TRACEY TRENTO, Appellant. [715 NYS2d 192] —Order unanimously affirmed without costs. Memorandum: Petitioner, William Ross, brought this proceeding in June 1998 seeking to modify an order entered three months earlier upon the consent of the parties, awarding sole custody of their child to respondent. Family Court properly granted the petition following a hearing. "It is well established that alteration of an established custody arrangement will be ordered only upon a showing of a change in circumstances which reflects a real need for change to ensure the best interest of the child" (*Matter of Irwin v Neyland,* 213 AD2d 773; *see, Matter of Hilliard v Peroni,* 245 AD2d 1107, 1108). Petitioner asserted that a change in custody was warranted because respondent agreed to allow the child to reside with him, the child was in fact residing with him, and respondent was unable to handle the child. The testimony at the hearing established that the child would be unruly when residing with respondent, but behaved appropriately when residing with petitioner during the scheduled visitation. Petitioner offered into evidence a note signed by respondent on May 23, 1998, acknowledging that the child was now residing with petitioner.

We agree with the court that petitioner established a change in circumstances based on the difficulty experienced by respondent in raising the child in her home. Although respondent testified that the child was unruly due to petitioner's interference with the child's relationship with her (*see generally, Perez*

*v Perez,* 239 AD2d 868, 869), petitioner denied engaging in such conduct. The conflicting testimony presented a matter of credibility for the court to resolve, and its determination is entitled to great weight (*see, Paul G. v Donna G.,* 175 AD2d 236, 237; *see also, Matter of Moreau v Sirles,* 268 AD2d 811, *lv denied* 95 NY2d 752). The court properly considered and weighed the appropriate factors (*see, Eschbach v Eschbach,* 56 NY2d 167, 172-173; *Matter of Paul C. v Tracy C.,* 209 AD2d 955, 956), and its determination has a sound and substantial basis in the record (*see, Matter of Taber v Taylor,* 238 AD2d 696, 697). (Appeal from Order of Oneida County Family Court, Morgan, J.—Custody.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Scudder and Lawton, JJ.