■ In the Matter of Dawn R. Francisco, Appellant, v Rex R. Francisco, Respondent. [748 NYS2d 72] —Appeal from an order of Family Court, Allegany County (Euken, J.), entered June 8, 2001, which awarded sole custody of the parties' child to respondent with visitation to petitioner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking to modify a custody order entered three months earlier upon the consent of the parties. That order awarded the parties joint custody of their child, with primary placement awarded to petitioner and secondary placement awarded to respondent. Pursuant to that order, the child spent approximately half of his time with each parent. By her petition, petitioner sought sole custody, and respondent cross-petitioned for sole custody. Family Court properly found that it is in the best interests of the child to award sole custody to respondent with visitation to petitioner. "It is well established that alteration of an established custody arrangement will be ordered only upon a showing of a change in circumstances which reflects a real need for change to ensure the best interest of the child" (*Matter of Ross v Trento*, 275 AD2d 972, 972 [internal quotation marks omitted]). Both parties established a change in circumstances by demonstrating that the child needed more stability in his living arrangement and that the parties could not work together under the joint custody arrangement to provide that stability. The record establishes

that the child relates better to respondent than to petitioner and that petitioner has difficulty controlling her anger toward respondent, his family, and the child's school teachers. In addition, respondent, who lives with his parents, has the ability to provide a more stable environment for the child with the help of his supportive extended family (*see Matter of Holden v Tillotson,* 277 AD2d 735, 736; *Matter of Hollister v Hollister,* 254 AD2d 580, 581). We reject petitioner's contention that the award of sole custody to respondent is in effect an award of custody to respondent's parents (*see Matter of Benton v Houghtling,* 193 AD2d 894, 895). Although respondent works long hours, he testified that he spends time with the child both before and after work.

Contrary to the further contention of petitioner, she was not denied her right to counsel. At the first court appearance on the petition, the court advised petitioner of her right to have her prior court-appointed attorney continue to represent her (*see* Family Ct Act § 262 [a] [v]), but petitioner indicated that she did not want an attorney. The court advised petitioner that it would be difficult to proceed without an attorney, but petitioner again indicated that she wanted to proceed without an attorney. At the next court appearance, petitioner reiterated her desire to proceed pro se and indicated that she would proceed pro se during the hearing on the petition and cross petition. We therefore conclude that petitioner knowingly, willingly, and voluntarily waived her right to the assistance of counsel (*see Matter of F. Children,* 199 AD2d 81; *cf. Matter of Meko M.,* 272 AD2d 953, 954). Present—Pigott, Jr., P.J., Green, Hayes, Kehoe and Gorski, JJ.