In the Matter of GRADY WILLIAMS, Respondent, v CYNTHIA L. TUCKER, Appellant. [770 NYS2d 229]—

Appeal from an amended order of Family Court, Erie County (Townsend, J., for Battle, J.), entered February 26, 2002, which awarded sole custody of the parties' child to petitioner and visitation to respondent.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an amended order that modified the parties' existing custody arrangement by awarding sole custody of the parties' child to petitioner father following a hearing. Although Family Court erred in failing "to set forth those facts essential to its decision" (*Matter of Graci v Graci*, 187 AD2d 970, 971 [1992]), "the record is sufficiently complete for us to make our own findings of fact in the interests of judicial economy and the well-being of the child[ ]" (*Matter of Hilliard v Peroni*, 245 AD2d 1107, 1107 [1997]).

"It is well established that alteration of an established custody arrangement will be ordered only upon a showing of a change in circumstances which reflects a real need for change to ensure the best interest of the child" (*Matter of Irwin v Neyland*, 213 AD2d 773, 773 [1995]; *see Matter of Ross v Trento*, 275 AD2d 972 [2000]). The record establishes that concerns of respondent for the safety of the child prompted her to surrender custody to petitioner voluntarily in September 2000. At that time, respondent was living with her family, including her drug-addicted brother who was in debt to drug dealers, and the drug dealers had come to the home looking for payment. Although the surrender was intended to be temporary, the present petition was filed by petitioner in February 2001, and he alleged therein that the conditions that prompted the surrender had not substantially changed and that it was in the best interests of the child that he have sole custody on a permanent basis. Petitioner, who is an electrician, established at the hearing that the child is thriving in his care. After surrendering custody of the child to petitioner, respondent expressed little interest in seeing the child and has not otherwise been involved in his life. Respondent has numerous health problems and has a very limited income, and thus she has continued to live with her mother. Although her brother no longer resides with them, he visits there frequently. Based on our review of the record, we conclude that the court properly modified the existing custody arrangement by awarding sole custody of the child to petitioner. Present—Pine, J.P., Wisner, Kehoe, Gorski and Lawton, JJ.