In the Matter of LYSA L. MCLEOD, Appellant, v JAMAR A. MCLEOD, Respondent. In the Matter of JAMAR A. MCLEOD, Respondent, v LYSA L. MCLEOD, Appellant. [872 NYS2d 313]—Appeal from an amended order of the Family Court, Ontario County (Stephen D. Aronson, J.), entered November 26, 2007 in a proceeding pursuant to Family Court Act articles 6 and 8. The amended order, inter alia, granted sole custody of the parties' children to respondent-petitioner, Jamar A. McLeod.

It is hereby ordered that the amended order so appealed from is unanimously affirmed without costs.

Memorandum: Family Court properly granted respondent-petitioner father's petition seeking sole custody of the parties' children. The court's determination following a hearing that the best interests of the children would be served by an award of sole custody to the father is entitled to great deference (see Eschbach v Eschbach, 56 NY2d 167, 173 [1982]). We will not disturb that determination inasmuch as the record establishes that it is the product of "careful weighing of [the] appropriate factors" (Matter of Pinkerton v Pensyl, 305 AD2d 1113, 1114 [2003]), and it has a sound and substantial basis in the record (see Betro v Carbone, 5 AD3d 1110 [2004]; Matter of Thayer v Ennis, 292 AD23d 824 [2002])..

We reject the contention of petitioner-respondent mother and the Law Guardian that the court erred in reconsidering its order to sequester witnesses at the hearing and, upon reconsideration, determining that it would admit the testimony of the children's paternal grandmother, who was present during testimony of other witnesses. The decision whether to sequester

witnesses was within the court's discretion in the first instance (*see McLean v Ryan*, 157 AD2d 928, 931 [1990]), and the court retained jurisdiction to reconsider its sequestration order during the course of the hearing (*see Lidge v Niagara Falls Mem. Med. Ctr.* [appeal No. 2], 17 AD3d 1033, 1034 [2005]). Present—Martoche, J.P., Fahey, Green, Pine and Gorski, JJ.