# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

671

CAF 12-00968

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF TIMOTHY RADLEY,
PETITIONER-RESPONDENT,

V                                                      MEMORANDUM AND ORDER

KATHY RADLEY, RESPONDENT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF
COUNSEL), FOR RESPONDENT-APPELLANT.

DONALD P. VAN STRY, ATTORNEY FOR THE CHILDREN, SYRACUSE.

-----------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County
(Martha E. Mulroy, A.J.), entered May 9, 2012.  The order, among other
things, awarded petitioner sole legal and physical custody of the
parties' children.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent mother appeals from an order that, inter
alia, awarded petitioner father sole legal and physical custody of the
parties' children and granted visitation to the mother.  We reject the
mother's contentions that Supreme Court placed too much emphasis upon
the wishes of the children and that the award of custody to the father
was not in the children's best interests.  The court's determination
is "entitled to great deference" and will not be disturbed where, as
here, "the record establishes that it is the product of 'careful
weighing of [the] appropriate factors' . . . and it has a sound and
substantial basis in the record" (*Matter of McLeod v McLeod*, 59 AD3d
1011, 1011).  Although the wishes of the children are "but one factor
to be considered" when determining the relative fitness of the parties
and the custody arrangement that serves the best interests of the
children (*Eschbach v Eschbach*, 56 NY2d 167, 173), we conclude that the
court properly weighed and considered all of the relevant factors,
some of which favored the father while others favored the mother.
Giving due deference to the court's "superior ability to evaluate the
character and credibility of the witnesses" (*Matter of Thillman v
Mayer*, 85 AD3d 1624, 1625), we perceive no basis to disturb its award
of custody to the father.  We reject the mother's alternate contention
that this Court should award the parties joint custody, inasmuch as
"the deterioration of the parties' relationship and their inability to
coparent renders [a] joint custody arrangement unworkable" (*Matter of
York v Zullich*, 89 AD3d 1447, 1448; *see Matter of Ingersoll v Platt*,

72 AD3d 1560, 1561; *Matter of Francisco v Francisco*, 298 AD2d 925, 925, *lv denied* 99 NY2d 504).

We have considered the mother's remaining contention and conclude that it is without merit.