Appeal from an order of the Supreme Court, Onondaga County (Martha E. Mulroy, A.J.), entered May 9, 2012. The order, among other things, awarded petitioner sole legal and physical custody of the parties’ children.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother appeals from an order that, inter alia, awarded petitioner father sole legal and physical custody of the parties’ children and granted visitation to the mother. We reject the mother’s contentions that Supreme Court placed too much emphasis upon the wishes of the children and *1579 that the award of custody to the father was not in the children’s best interests. The court’s determination is “entitled to great deference” and will not be disturbed where, as here, “the record establishes that it is the product of ‘careful weighing of [the] appropriate factors’ . . . and it has a sound and substantial basis in the record” (Matter of McLeod v McLeod, 59 AD3d 1011, 1011 [2009]). Although the wishes of the children are “but one factor to be considered” when determining the relative fitness of the parties and the custody arrangement that serves the best interests of the children (Eschbach v Eschbach, 56 NY2d 167, 173 [1982]), we conclude that the court properly weighed and considered all of the relevant factors, some of which favored the father while others favored the mother. Giving due deference to the court’s “superior ability to evaluate the character and credibility of the witnesses” (Matter of Thillman v Mayer, 85 AD3d 1624, 1625 [2011]), we perceive no basis to disturb its award of custody to the father. We reject the mother’s alternate contention that this Court should award the parties joint custody, inasmuch as “the deterioration of the parties’ relationship and their inability to coparent renders [a] joint custody arrangement unworkable” (Matter of York v Zullich, 89 AD3d 1447, 1448 [2011]; see Matter of lngersoll v Platt, 72 AD3d 1560, 1561 [2010]; Matter of Francisco v Francisco, 298 AD2d 925, 925 [2002], lv denied 99 NY2d 504 [2002]).
We have considered the mother’s remaining contention and conclude that it is without merit. Present — Smith, J.P., Peradotto, Lindley and Valentino, JJ.