# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**729**

**CAF 13-00448**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF KIRSTEN MILLER,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

KEVIN JANTZI, RESPONDENT-RESPONDENT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (RUPAK R. SHAH OF COUNSEL), FOR PETITIONER-APPELLANT.

GILLES R.R. ABITBOL, ATTORNEY FOR THE CHILDREN, LIVERPOOL.

---

Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered February 19, 2013 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded the parties joint legal custody of the subject children.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this custody proceeding pursuant to Family Court Act article 6, petitioner mother appeals from an order that, inter alia, awarded the parties joint physical custody of their younger son, awarded respondent father sole physical custody of their older son and established a visitation schedule. We reject the mother's contention that Family Court erred in determining that split custody was in the best interests of the children. Initially, we note that we "afford 'great deference' to the determination of the hearing court . . . , with its 'superior ability to evaluate the character and credibility of the witnesses' " (*Matter of Cross v Caswell*, 113 AD3d 1107, 1107). "While keeping children together is often in [their] best interests . . . , the court must be cognizant of the individual needs of each child" in determining their best interests (*Matter of Roulo v Roulo*, 201 AD2d 937, 937, citing *Eschbach v Eschbach*, 56 NY2d 167, 172-173). Here, split custody is warranted in the best interests of each son, and the visitation schedule affords the siblings substantial time together. The parties are able to share physical custody of their younger son because he is not yet enrolled in school, and thus alternating weekly residency is in his best interests. The award of sole physical custody of the older son to the father permits that son to remain in school where he is enrolled and performing well. Although the court must consider the effects of domestic violence in determining the best interests of the children, here, the mother

failed to prove her allegations of domestic violence by a
preponderance of the evidence (*see Matter of Frankiv v Kalitka*, 105
AD3d 1045, 1046).

Contrary to the mother's further contention, she was not deprived
of " 'significant quality time' " with the children as a result of the
summer vacation schedule (*Matter of Rivera v Fowler*, 112 AD3d 835,
836).