# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**709**

**CAF 13-00347**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF JOSEPH CHENEY,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

PATRICIA CHENEY, RESPONDENT-APPELLANT.

---

LOVALLO & WILLIAMS, BUFFALO (TIMOTHY R. LOVALLO OF COUNSEL), FOR
RESPONDENT-APPELLANT.

JOSEPH CHENEY, PETITIONER-RESPONDENT PRO SE.

PAMELA THIBODEAU, ATTORNEY FOR THE CHILD, WILLIAMSVILLE.

---

Appeal from an order of the Family Court, Erie County (Brenda M.
Freedman, R.), entered January 7, 2013 in a proceeding pursuant to
Family Court Act article 6.  The order, among other things, designated
petitioner as the primary residential parent.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  In this custody proceeding pursuant to Family Court
Act article 6, respondent mother appeals from an order that, inter
alia, awarded petitioner father primary physical custody of the
parties' child and granted visitation to her.  Although the mother is
correct that, in seeking a change in the established custody
arrangement, the father was required to show " 'a change in
circumstances [that] reflects a real need for change to ensure the
best interest[s] of the child' " (*Matter of Moore v Moore*, 78 AD3d
1630, 1630, *lv denied* 16 NY3d 704), we conclude, contrary to her
contention, that the father established such a change in
circumstances.  It is well settled that a " 'change in circumstances
may be demonstrated by, inter alia, . . . interference with the
noncustodial parent's visitation rights and/or telephone access' "
(*Goldstein v Goldstein*, 68 AD3d 717, 720; *see Matter of Dubiel v
Schaefer*, 108 AD3d 1093, 1093-1094).  Here, the record establishes
that the mother repeatedly took away the child's cell phone, thereby
preventing the father from communicating with the child by telephone,
and that, on one such occasion, she made a video recording of the
child's tearful response.  The record also supports Family Court's
determination that, although the child had been outgoing in nature
with a sunny disposition, she became withdrawn, sad and subject to
emotional outbursts after the mother moved in with her current

boyfriend and his three children. In addition, the court properly considered the preference of the child to alter the existing custody arrangement in determining whether there had been a change in circumstances because, although the "child's preference regarding the parent with which he or she would like to reside is not dispositive, it is a factor to consider in determining whether there has been a change in circumstances" (*Matter of Cole v Nofri*, 107 AD3d 1510, 1511, *appeal dismissed* 22 NY3d 1083; *see generally Matter of Goodfriend v Devletsah-Goodfriend*, 29 AD3d 1041, 1042).

We reject the mother's contention that the court placed too much emphasis upon the wishes of the child and that awarding primary physical custody to the father was not in the child's best interests. Although the wishes of the child are "but one factor to be considered" when determining the relative fitness of the parties and the custody arrangement that serves the best interests of the child (*Eschbach v Eschbach*, 56 NY2d 167, 173), the court's determination is "entitled to great deference" and will not be disturbed where, as here, "the record establishes that it is the product of 'careful weighing of [the] appropriate factors' . . . , and it has a sound and substantial basis in the record" (*Matter of McLeod v McLeod*, 59 AD3d 1011, 1011; *see Matter of Radley v Radley*, 107 AD3d 1578, 1579, *lv denied* ___ NY3d ___ [Oct. 10, 2013]).

Entered:  June 13, 2014                    Frances E. Cafarell
                                           Clerk of the Court