# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1357**
**CAF 12-00745**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF ZORAIDA RODRIGUEZ,
PETITIONER-RESPONDENT-APPELLANT,

V                                    MEMORANDUM AND ORDER

LUCILLE FELDMAN AND MICHAEL FELDMAN,
RESPONDENTS-PETITIONERS-RESPONDENTS.

---

CARA A. WALDMAN, FAIRPORT, FOR PETITIONER-RESPONDENT-APPELLANT.

-------------------------------------------------------------------------------

Appeal from an order of the Family Court, Monroe County (Dandrea L. Ruhlmann, J.), entered March 30, 2012 in a proceeding pursuant to Family Court Act article 6.  The order, among other things, awarded respondents-petitioners primary physical custody of the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Pursuant to a stipulated order of custody entered in 2007, petitioner-respondent grandmother and respondents-petitioners (respondents), the subject child's maternal aunt and her husband, were awarded joint legal custody of the subject child with the grandmother having primary physical custody.  In 2009, respondents brought the child to their residence in Georgia and received an order of temporary custody in that state.  Thereafter, the grandmother and respondents each petitioned for sole custody of the child pursuant to Family Court Act article 6 and, following a hearing, Family Court awarded respondents primary physical custody of the child.

We reject the grandmother's contention that she was denied due process based on cumulative errors by the court.  Specifically, we conclude that the court properly exercised its discretion in permitting the telephonic testimony of an expert witness who resided in another state (*see* Domestic Relations Law § 75-j [2]; *Matter of Kelly v Krupa*, 63 AD3d 1395, 1396).  We further conclude that the grandmother failed to preserve for our review her challenge to the medical evaluations of the child by the expert by moving to strike the expert's testimony on the grounds now asserted, and in any event, she lacks standing to object to those evaluations as violative of her own due process rights.  The allegedly unauthorized evaluations implicated the child's due process rights as opposed to the due process rights of the grandmother (*see Matter of Awan v Awan*, 75 AD3d 597, 599; *Matter of Marvin Q.*, 45 AD3d 852, 853, *lv dismissed* 10 NY3d 927; *Campolongo v*

*Campolongo*, 2 AD3d 476, 476-477), and generally a litigant does not have standing to raise rights belonging to another (*see generally Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 773; *Matter of Fleischer v New York State Liq. Auth.*, 103 AD3d 581, 583, *lv denied* 21 NY3d 856). We also conclude that the grandmother's challenge to the court's temporary order of physical custody issued mid-trial was rendered moot by entry of the final order of custody (*see Matter of Ramirez v Velez*, 78 AD3d 1062, 1062-1063; *see also Matter of Kelly F. v Gregory A.F.*, 34 AD3d 1277, 1277).

The grandmother contends that the court erred in failing to find that respondents willfully violated a prior court order. We reject that contention inasmuch as, at the time of the alleged violation, the oral direction of the court had not been reduced to a written order and it is unclear on this record whether respondents were aware of the existence of the oral direction of the court at the time of the alleged violation (*cf. Matter of Dashawn G. [Diana B.]*, 117 AD3d 1526, 1527, *lv dismissed* 24 NY3d 951).

The grandmother further contends for the first time on appeal that the court erred by not analyzing this matter as a relocation case, and thus that contention is unpreserved for our review (*see Matter of York v Zullich*, 89 AD3d 1447, 1448). In any event, we conclude that her contention is without merit (*see Matter of Tropea v Tropea*, 87 NY2d 727, 740-741). Contrary to the grandmother's further contention, respondents established the requisite change in circumstances to warrant an inquiry into the best interests of the child given "the changes in the child's school schedule since the entry of the prior order" (*Matter of Stilson v Stilson*, 93 AD3d 1222, 1223; *Matter of Claflin v Giamporcaro*, 75 AD3d 778, 779-780, *lv denied* 15 NY3d 710), and the extraordinarily acrimonious nature of the parties' relationship (*see Matter of Orzech v Nikiel*, 91 AD3d 1305, 1305-1306; *York*, 89 AD3d at 1448). We conclude that the court properly " 'exercise[d its] power, in the interest of justice, to sua sponte conform the petition to the evidence' " adduced at the fact-finding hearing with respect to post-petition conduct that established a significant change in circumstances (*Matter of Angel L.H. [Melissa H.]*, 85 AD3d 1637, 1637, *lv denied* 17 NY3d 711; *see generally Matter of Taylor R.*, 290 AD2d 830, 832).

We further conclude that the court properly determined that it was in the child's best interests to award primary physical custody to respondents (*see generally Matter of Marino v Marino*, 90 AD3d 1694, 1695-1696). The record establishes that respondents were able to provide for the child's educational and therapeutic needs, as well as her nutritional and health needs. The record further establishes that respondents are in excellent physical health and are better able to handle the stress involved in raising a child than is the grandmother. "[A] court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight" (*id.* at 1695 [internal quotation marks omitted]), and we perceive no basis upon which to disturb the court's order.

Finally, we note that, although it appears that several new factual developments have arisen since the entry of the order on appeal, there is no reason for us to remit the matter to Family Court for a new best interests hearing, in light of the ongoing proceedings in Family Court (*cf. Matter of Kennedy v Kennedy*, 107 AD3d 1625, 1626).

Entered:  March 27, 2015                    Frances E. Cafarell
                                            Clerk of the Court