# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**829**
**CAF 15-00282**
PRESENT: PERADOTTO, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

IN THE MATTER OF DONIELLE L. CHYRECK,
PETITIONER-APPELLANT,

               V                        MEMORANDUM AND ORDER

JOSEPH R. SWIFT, RESPONDENT-RESPONDENT.
------------------------------------------
IN THE MATTER OF JOSEPH R. SWIFT,
PETITIONER-RESPONDENT,

               V

DONIELLE L. CHYRECK, RESPONDENT-APPELLANT.

---

WAGNER & HART, LLP, OLEAN (JANINE FODOR OF COUNSEL), FOR
PETITIONER-APPELLANT AND RESPONDENT-APPELLANT.

DEBORAH J. SCINTA, ATTORNEY FOR THE CHILDREN, ORCHARD PARK.

---

Appeal from an order of the Family Court, Cattaraugus County
(Judith E. Samber, R.), entered December 31, 2014 in a proceeding
pursuant to Family Court Act article 6. The order, inter alia,
awarded primary physical custody of the children to Joseph R. Swift
and visitation to Donielle L. Chyreck.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner-respondent mother commenced this
proceeding pursuant to article 6 of the Family Court Act, seeking
custody of the subject children, and respondent-petitioner father
filed a cross petition also seeking custody. Following a hearing,
Family Court entered an order that, inter alia, awarded primary
physical custody of the subject children to the father and visitation
to the mother, and granted the mother secondary decision-making
authority with regard to the health, education, and welfare of the
children.

We reject the mother's contention that the court did not give
proper consideration to her allegations of domestic violence. The
record supports the court's determination that the mother's alleged
instances of domestic violence by the father, and any alleged negative
impact upon the children thereby, were not proved by a preponderance
of the evidence (*see Miller v Jantzi*, 118 AD3d 1363, 1363-1364;

*Williams v Williams*, 78 AD3d 1256, 1257; *see also Matter of Booth v Booth*, 8 AD3d 1104, 1105, *lv denied* 3 NY3d 607). The court's "first-hand assessment of the credibility of the witnesses after an evidentiary hearing . . . is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (*Matter of Dubuque v Bremiller*, 79 AD3d 1743, 1744). Here, we see no basis to disturb the court's credibility determinations.

We reject the mother's further contention that the court erred in granting primary physical custody to the father because he had, in effect, delegated his responsibility to care for the children to the paternal grandmother owing to his work schedule. While it is true that " '[c]ustody options which allow for the direct care and guidance of children by a parent rather than by third parties are naturally preferred' " (*Crowe v Crowe* [appeal No. 2], 176 AD2d 1216, 1216-1217, *lv denied* 79 NY2d 755), that is but one factor in the overall analysis, and a more fit parent will not be deprived of custody simply because the parent assigns day-care responsibilities to a relative owing to work obligations (*see Matter of Wellman v Dutch*, 198 AD2d 791, 792, *appeal dismissed* 82 NY2d 920). Here, the record supports the court's determination that the father "ha[d] assumed greater responsibility for the children's care" since the separation of the parties (*see generally Matter of McGrew v Chase*, 193 AD2d 1119, 1120), and that the children emotionally benefitted from the care they had received from the paternal grandmother and stepgrandfather (*see Matter of Oravec v Oravec*, 89 AD3d 1475, 1475-1476). The record also supports the court's determination that the father's work schedule at his family-owned business could be altered to handle the care of the children as needed (*see Matter of Brady v Brady*, 216 AD2d 660, 660).

We have considered the mother's remaining contentions and conclude that they are without merit. The court's custody determination is supported by a "sound and substantial basis in the record" (*Sheridan v Sheridan*, 129 AD3d 1567, 1568), and our review of the relevant factors establishes that the grant of primary residential custody to the father is in the best interests of the children (*see Cunningham v Cunningham*, 137 AD3d 1704, 1705; *see generally Eschbach v Eschbach*, 56 NY2d 167, 171).

Entered: November 10, 2016                    Frances E. Cafarell
                                              Clerk of the Court