# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1279**
**CAF 15-01600**
PRESENT: WHALEN, P.J., SMITH, CARNI, DEJOSEPH, AND CURRAN, JJ.

---

IN THE MATTER OF MIRIAM M. OWENS,
PETITIONER-APPELLANT,

V                                                      MEMORANDUM AND ORDER

RICHARD G. POUND, JR., RESPONDENT-RESPONDENT.
----------------------------------------------
IN THE MATTER OF RICHARD G. POUND, JR.,
PETITIONER-RESPONDENT,

V

MIRIAM M. OWENS, RESPONDENT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR PETITIONER-APPELLANT AND RESPONDENT-APPELLANT.

CHAFFEE & LINDER, PLLC, BATH (RUTH A. CHAFFEE OF COUNSEL), FOR RESPONDENT-RESPONDENT AND PETITIONER-REPSONDENT.

PATRICIO JIMENEZ, ATTORNEY FOR THE CHILD, HAMMONDSPORT.

---

Appeal from an order of the Family Court, Steuben County (Gerard J. Alonzo, J.H.O.), entered September 9, 2015 in proceedings pursuant to Family Court Act article 6. The order, among other things, awarded the parties joint custody of the subject child with primary physical placement with Richard G. Pound, Jr.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In these proceedings pursuant to Family Court Act article 6, petitioner-respondent mother appeals from an order, entered after a hearing, awarding the parties joint custody of the subject child, who was born in 2010, with primary physical placement to respondent-petitioner father and visitation to the mother. Contrary to the mother's contention, there is a sound and substantial basis in the record for Family Court's determination that primary physical placement with the father is in the child's best interests (*see Matter of Baxter v Borden*, 122 AD3d 1417, 1418, *lv denied* 24 NY3d 915; *see generally Eschbach v Eschbach*, 56 NY2d 167, 171-174; *Matter of Chilbert v Soler*, 77 AD3d 1405, 1406, *lv denied* 16 NY3d 701). The fact that the mother was the child's primary caretaker prior to the parties' separation is not determinative, and the record establishes

that "the child is comfortable in both homes" and has strong relationships with members of her extended family who live with the father, i.e., her paternal grandparents and a cousin also born in 2010 (*Matter of Howell v Lovell*, 103 AD3d 1229, 1232; *see Matter of Ray v Eastman*, 117 AD3d 1114, 1114-1115; *Matter of Oravec v Oravec*, 89 AD3d 1475, 1475-1476).  In addition, the hearing evidence, including evidence that the mother moved more than an hour away from the father's home with the child when the parties separated and denied the father access to the child for over a month, supports the court's finding that the father is the more willing of the parties to foster the other parent's relationship with the child (*see Matter of Saunders v Stull*, 133 AD3d 1383, 1384; *see generally Hill v Dean*, 135 AD3d 990, 993-994).

We reject the mother's contention that the award of primary physical placement to the father is in effect an award of custody to the paternal grandmother (*see Matter of Francisco v Francisco*, 298 AD2d 925, 926, *lv denied* 99 NY2d 504).  Although the father works as a truck driver and has a demanding schedule, the record establishes that he returns home each day, usually by 5:30 p.m., and that he takes care of the child himself whenever he is at home, thereby demonstrating that he is an active and capable parent notwithstanding his work schedule (*see Matter of Moreau v Sirles*, 268 AD2d 811, 812-813; *see also Matter of Chyreck v Swift*, ___ AD3d ___, ___ [Nov. 10, 2016]; *Francisco*, 298 AD2d at 926).

Entered:  December 23, 2016           Frances E. Cafarell
Clerk of the Court