# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**186**
**CA 16-00761**
PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

PETER M. HENDRICKSON, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

KRISTINA L. HENDRICKSON, DEFENDANT-APPELLANT.
-------------------------------------------
CAROLYN R. KELLOGG, ESQ., ATTORNEY FOR THE
CHILD, APPELLANT.

---

LEGAL ASSISTANCE OF WESTERN NEW YORK, INC., BATH (MICHAELA K. ROSSETTIE AZEMI OF COUNSEL), FOR DEFENDANT-APPELLANT.

CAROLYN R. KELLOGG, ATTORNEY FOR THE CHILD, WELLSVILLE, APPELLANT PRO SE.

PULOS AND ROSELL, LLP, HORNELL (TIMOTHY J. ROSELL OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeals from an order of the Supreme Court, Allegany County (Terrence M. Parker, A.J.), entered July 16, 2015. The order, among other things, awarded the parties joint custody of the subject child with primary placement to plaintiff.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant mother and the Attorney for the Child (AFC) appeal from an order that awarded plaintiff father and the mother joint custody of the subject child, with primary physical residence to the father and visitation to the mother. Contrary to the contention of the mother and the AFC, there is a sound and substantial basis in the record for Supreme Court's determination that awarding the father primary physical residence is in the child's best interests (*see generally Eschbach v Eschbach*, 56 NY2d 167, 171-174). "The fact that the mother was the child's primary caretaker prior to the parties' separation is not determinative" (*Matter of Owens v Pound*, 145 AD3d 1643, 1644). The record supports the court's determination that both parents love and care for the child, but "[t]he mother is less willing to truly co-parent [the child]," and "the father is the more stable parent with a higher quality home and is better situated to serve as a primary placement parent" (*see id.; Matter of Honsberger v Honsberger*, 144 AD3d 1680, 1680). Furthermore, we reject the AFC's contention that the court gave undue weight to the paternal grandparents' involvement in the child's life inasmuch as "a more fit

parent will not be deprived of custody simply because the parent assigns day-care responsibilities to a relative owing to work obligations" (*Matter of Chyreck v Swift*, 144 AD3d 1517, 1518).

Finally, "[a]lthough the court must consider the effects of domestic violence in determining the best interests of the child[ ]," we conclude that the mother failed to prove her allegations of domestic violence by a preponderance of the evidence (*Matter of Miller v Jantzi*, 118 AD3d 1363, 1363-1364).  "The court's 'first-hand assessment of the credibility of the witnesses after an evidentiary hearing . . . is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record' " (*Chyreck*, 144 AD3d at 1518).  Here, the father denied the mother's allegations of domestic violence, and the court resolved the conflicting testimony in favor of the father.  We perceive no reason to disturb the court's credibility determination (*see Pierre-Paul v Boursiquot*, 74 AD3d 935, 936).

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court