Matter of Gilbert v Nunez-Merced (2020 NY Slip Op 01790)





Matter of Gilbert v Nunez-Merced


2020 NY Slip Op 01790


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND DEJOSEPH, JJ.


261 CAF 18-01124

[*1]IN THE MATTER OF MAURICE A. GILBERT, PETITIONER-RESPONDENT,
v
NATASHKA M. NUNEZ-MERCED, RESPONDENT-APPELLANT.
MATTER OF NATASHKA M. NUNEZ-MERCED, PETITIONER-APPELLANT, 
v
MAURICE A. GILBERT, RESPONDENT-RESPONDENT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR RESPONDENT-APPELLANT AND PETITIONER-APPELLANT. 
MAURICE A. GILBERT, PETITIONER-RESPONDENT AND RESPONDENT-RESPONDENT PRO SE. 
SUSAN B. MARRIS, MANLIUS, ATTORNEY FOR THE CHILD.


 Appeal from an order of the Family Court, Onondaga County (Karen Stanislaus, R.), entered May 18, 2018 in proceedings pursuant to Family Court Act article 6. The order, inter alia, awarded petitioner-respondent Maurice A. Gilbert sole legal and residential custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent-petitioner mother appeals from an order that, inter alia, awarded petitioner-respondent father sole legal and residential custody of the subject child. We reject the mother's contention that Family Court's custody determination lacks a sound and substantial basis in the record. In making an initial custody determination, the court is "required to consider the best interests of the child by reviewing such factors as maintaining stability for the child, . . . the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent" (Matter of Buckley v Kleinahans, 162 AD3d 1561, 1562 [4th Dept 2018] [internal quotation marks omitted]). We agree with the court that those factors weigh in the father's favor, particularly in light of the mother's efforts to interfere with the father's contact with the child, and thus the record supports the court's determination that it is in the child's best interests to award sole custody to the father (see Matter of Athoe v Goodman, 170 AD3d 1532, 1533 [4th Dept 2019]).
Contrary to the mother's contention, the record establishes that the father "is an active and capable parent notwithstanding his work schedule" (Matter of Owens v Pound, 145 AD3d 1643, 1645 [4th Dept 2016], lv denied 29 NY3d 902 [2017]). Furthermore, it is well settled that "a more fit parent will not be deprived of custody simply because the parent assigns day-care responsibilities to a relative owing to work obligations" (Matter of Chyreck v Swift, 144 AD3d 1517, 1518 [4th Dept 2016]; see Hendrickson v Hendrickson, 147 AD3d 1522, 1523 [4th Dept 2017]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court