Matter of Rawleigh v Gallt (2024 NY Slip Op 03612)

Matter of Rawleigh v Gallt

2024 NY Slip Op 03612

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, GREENWOOD, AND KEANE, JJ.

300 CAF 23-00432

[*1]IN THE MATTER OF RICHARD RAWLEIGH, SR., PETITIONER-APPELLANT,
v
STACI GALLT, RESPONDENT-RESPONDENT.

DAVID J. PAJAK, ALDEN, FOR PETITIONER-APPELLANT.
HAYDEN DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR RESPONDENT-RESPONDENT.
DEBORAH K. JESSEY, CLARENCE, ATTORNEY FOR THE CHILD.

Appeal from an order of the Family Court, Livingston County (Kevin Van Allen, J.), entered February 16, 2023, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted the parties joint legal custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this Family Court Act article 6 proceeding, petitioner father appeals from an order that, inter alia, continued primary physical custody of the child with respondent mother. We affirm. Although we agree with the father that Family Court "erred in failing 'to set forth those facts essential to its decision' . . . , 'the record is sufficiently complete for us to make our own findings of fact in the interests of judicial economy and the well-being of the child[ ]' " (Matter of Williams v Tucker, 2 AD3d 1366, 1367 [4th Dept 2003], lv denied 2 NY3d 705 [2004]; see Matter of Mathewson v Sessler, 94 AD3d 1487, 1489 [4th Dept 2012], lv denied 19 NY3d 815 [2012]; Matter of Hilliard v Peroni, 245 AD2d 1107, 1107 [4th Dept 1997]). Upon our review of the relevant factors (see generally Eschbach v Eschbach, 56 NY2d 167, 171-174 [1982]; Fox v Fox, 177 AD2d 209, 210 [4th Dept 1992]), we conclude that it is in the child's best interests that the mother retain primary physical custody of the child.
Here, there are several factors that do not clearly favor either parent. For instance, it is undisputed that both parents love the child and want what is best for him. It is also undisputed that both parents have a history of drug abuse and that both have struggled with addressing their drug problem. Indeed, it appears that at separate times during the pendency of the underlying proceedings, each parent relapsed into drug use. Nonetheless, several crucial factors decisively weigh against awarding the father primary physical custody of the child. Most notably, the testimony at the fact-finding hearing established that the father had an explosive temper, a history of domestic violence, and a lengthy criminal history, and has at times violated court orders. Further, the father's testimony also established that he did not fully appreciate the extent of the child's special needs, which would negatively impact his ability to provide the care and treatment necessary for the child's development. Additionally, the testimony established that the father would have greater difficulty than the mother in providing the child with transportation to various places and in his financial ability to provide for the child.
Finally, it is undisputed that the mother has been the child's primary caretaker for the vast majority of his life and that the child would greatly benefit from the stability and consistency that residency with the mother would provide (see Matter of Sorrentino v Keating, 159 AD3d 1505, 1506-1507 [4th Dept 2018]). Indeed, the evidence at the hearing established that the mother is better able to provide for the child's care and is better suited to serve as the primary residential [*2]parent (see Hendrickson v Hendrickson, 147 AD3d 1522, 1523 [4th Dept 2017]). Thus, contrary to the father's contention, the court's determination that it is in the best interests of the child to continue primary physical custody with the mother is supported by a sound and substantial basis in the record (see Matter of Papineau v Sanford, 189 AD3d 2147, 2147-2148 [4th Dept 2020], lv denied 36 NY3d 911 [2021]; Matter of Angel M.S. v Thomas J.S., 41 AD3d 1227, 1228 [4th Dept 2007]).
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court