Matter of Albin v Bushaw (2025 NY Slip Op 00549)

Matter of Albin v Bushaw

2025 NY Slip Op 00549

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, NOWAK, AND DELCONTE, JJ.

746 CAF 23-01357

[*1]IN THE MATTER OF ROWAN A. ALBIN, PETITIONER-RESPONDENT,
v
BRETT B. BUSHAW, RESPONDENT-APPELLANT. (APPEAL NO. 1.) 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR RESPONDENT-APPELLANT. 
KATHRYN M. FESTINE, UTICA, FOR PETITIONER-RESPONDENT.
PETER J. DIGIORGIO, JR., UTICA, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Herkimer County (Thaddeus J. Luke, J.), entered July 6, 2023, in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner sole legal and primary physical custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent father appeals from an order that, inter alia, awarded petitioner mother sole legal and primary physical custody of the subject child. We reject the father's contention that Family Court's custody determination lacks a sound and substantial basis in the record.
"In making an initial custody determination, the court is required to consider the best interests of the child by reviewing such factors as maintaining stability for the child, . . . the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent" (Matter of Gilbert v Nunez-Merced, 181 AD3d 1210, 1210 [4th Dept 2020], lv denied 35 NY3d 910, 911 [2020] [internal quotation marks omitted]; see Matter of Athoe v Goodman, 170 AD3d 1532, 1533 [4th Dept 2019]). We agree with the court that those factors weigh in the mother's favor, particularly in light of the father's efforts to interfere with the mother's contact with the child, and we thus conclude that the record supports the court's determination that it is in the best interests of the child to award sole legal and primary physical custody to the mother (see Gilbert, 181 AD3d at 1210-1211; Matter of Marino v Marino, 90 AD3d 1694, 1695 [4th Dept 2011]).
Finally, we conclude that the father's challenge to the court's initial temporary order was rendered moot by the entry of the final order of custody (see Matter of Rodriguez v Feldman, 126 AD3d 1557, 1558 [4th Dept 2015]; Matter of Ramirez v Velez, 78 AD3d 1062, 1062-1063 [2d Dept 2010]).
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court